## HERRING *v.* THE STATE OF IOWA.

Where a bill of exceptions was taken to the overruling of a motion for a new trial, which motion was embodied in the bill, and alleged that certain instructions were given by the court, but it did not appear from the record, outside of the motion, that any such instructions were given, *Held*, that the only effect of the bill of exceptions was, to show that the motion was filed and overruled, and not that the facts alleged in the motion existed, or that any such instructions were given.

A jury, after having retired to consider their verdict, and having been absent about four and a half hours, came into court, and stated that they could not agree on the testimony of certain witnesses. One of the witnesses was brought into court, and the court told the jury to examine the witness. The jury then wished to know of the witness, whether he purchased the liquor, for the sale of which the defendant was indicted, within the year next preceding the indictment; the witness then repeated his evidence as near as he could, as he said. The counsel proposed to examine the witness, which was prohibited by the court, the court ruling, that it was for the jury alone to inquire of the witness what his testimony was. The counsel for the state and for the defendant, then got into a dispute about the testimony of the witness, whereupon the court stated to the defendant's counsel, the state, and the jury, that the witness had before sworn, that it

was within the year that the liquor was sold, and was so down on his minutes. The counsel again insisted upon interrogating the witness, which was again prohibited by the court. *Held*, that, from the foregoing statement, it was not apparent that the court instructed the jury upon the facts of the case, or that the jury was misled by what transpired. *Held*, also, that the refusal to allow counsel to interrogate the witness, was within the discretion of the court, and was not good ground of error.

An indorsement on the back of an indictment, of the presentation and filing of the same, is itself a record, and the only record that should appear until after the arrest of the defendant; and the making of a record in the books of the clerk's office, from the indictment, does not impair the proceedings.

### *Error to the Scott District Court.*

THIS was an indictment for retailing intoxicating liquors, containing six counts. A demurrer to the indictment being overruled, the defendant filed his plea of not guilty. After the cause had been submitted to the jury, and after they had been absent four hours and a half, the jury came into court, and stated that they could not understand alike the testimony of the witnesses, Charles Weston, Richard K. Allen, and Louis Maklot, as to the time of the sale of the liquor; whereupon, the witnesses being called and not answering, the court proposed to read to the jury his own minutes of the testimony, to which the counsel for the defendant objected. The court then ordered the witnesses to be sent for. The witness, Charles Weston, was brought into court, and the court told the jury to examine the witness. The jury then wished to know of the witness, whether he purchased the liquor within the year next preceding the finding of the indictment—not at what time within the year—but whether within the year at all. The witness repeated his evidence as near as he could, as he said. The counsel proposed to examine the witness; the court prohibited either counsel from interrogating the witness, ruling that it was for the jury alone, to inquire of the witness, what his testimony was. The counsel for the state and for the defendant, then became involved in a dispute about the testimony of the witness, whereupon the court stated to the defendant's counsel, the state, and the

jury, that the witness had before sworn that it was within the year that the liquor was sold, and was so down on his minutes. The counsel again insisted on questioning the witness, which the court again refused to permit. To all these rulings and decisions, the defendant excepted. The jury returned a verdict of guilty on all the counts in the indictment, except the last. The defendant then moved to set aside the verdict, and for a new trial, for the following reasons :

" *First.* The verdict of the jury is against the evidence.

" *Second.* The court erred in giving the first and second instructions asked by the counsel for the state. [Here are copied into the motion, what the party alleges to be the instructions of the court.]

" *Third.* The court erred in giving the jury the following instructions. [Here, again, are copied into the motion what the party alleges to be other instructions given by the court.]

" *Fourth.* The court erred in permitting the jury to be recalled, after they had been out some four and a half hours, and introducing the testimony of the witness, Charles Weston, to prove other facts that he had not testified to, before the jury retired.

" *Fifth.* The court erred in permitting the counsel for the state, to state to the witness, Weston, in the presence and hearing of the jury, after the witness had said that he had stated his testimony as he stated it before the jury retired, " that he understood the witness to testify, that it was within the year that he purchased the liquor from the defendant," and in refusing to let the defendant's counsel, ask the witness if he had so sworn ; and in the court's saying to the counsel and the jury, that " the witness has before sworn, that it was within the year, and I have it down just so on my minutes."

" *Sixth.* The verdict is against the law."

This motion was overruled by the court, to which decision the defendant excepted. The defendant then filed a motion in arrest of judgment, alleging in the motion the following reasons :

"1. That the said indictment was not found by a legal grand jury of said county.

"2. There is no record of the finding of said indictment by the grand jury of said county.

"3. There is no entry of record of the grand jury having brought into court, and presented said indictment to the court."

During the pendency of this motion, it appearing to the court, that no entry of record had been made at the October term, 1853, of said court (the term at which the indictment was found), except as follows: "This 6th day of October, A. D. 1853, the grand jury came into open court, and after presenting the several matters they had in charge, reported they had no further business, and were discharged from further attendance on this court at this term;" nor at the May term, 1854, of said court, of the finding or return into court of the grand jury, with the indictment against the defendant, upon which he was tried, the court, upon motion of the attorney for the state, ordered James Thorington, who was formerly, but was not then, clerk of said court, to make an entry on the records of said court, of the presentation and filing of the said indictment, as the same appeared on the back of the said indictment. This entry being made, the court thereupon, overruled the motion in arrest of judgment, to all which rulings, the defendant excepted, and judgment was entered upon the verdict. From this judgment, the defendant sued out a writ of error, and in this court assigns for error the following:

1. The court erred in instructing the jury, that the evidence was sufficient to prove the identity of the persons named in the indictment.

2. The court erred in instructing the jury, that the evidence was sufficient to prove the time of the alleged selling to be within one year.

3. The court erred in recalling the jury, and telling the jury what had been sworn to by the witness, Charles Weston, and in refusing the counsel for the defendant, the right to ask the witness, if he had sworn as the court stated he had.

4. The court erred in overruling the defendant's motion for a new trial.

5. The court erred in directing a *nunc pro tunc* entry to be made at the third term after the indictment purports to have been found, that the indictment was found at the October term, 1853, when that court was holden by another judge, and by different officers.

6. The court erred in overruling the defendant's motion in arrest of judgment.

*W. E. Leffingwell,* for plaintiff in error, made the following points: .

1. It is the province of the court to instruct the jury upon the law alone, and not upon the facts. This question has long been settled, and was recently recognized by this court, in the case of *Houston* v. *The State.*

2. The court should not state what has been proved, and nothing should appear from the charge of the court, by which the jury could infer that they were precluded from considering the facts. *Porter* v. *McIlroy,* 4 Serg. & R. 442.

3. The record must show that the indictment was found by a competent grand jury, and by them returned into court, and that fact can be proved by no other evidence. 3 Rob. Prac. 97 ; Wheat. Crim. Law, 128 ; *Commonwealth* v. *Cawood,* 2 Vir. Cases, 541 ; *Chappel* v. *State,* 8 Yerger, 166. And this defect cannot be supplied by a *nunc pro tunc* entry, or in any other way. *Hite* v. *State,* 9 Yerger, 198.

*D. C. Cloud,* Attorney-General, and *Grant & Whittaker,* for the state, contended :

1. It does not appear, from the record, that the witness, Mitchell, was examined—what his testimony was—or that it was at all material.

2. The second and third errors are not sustained by the record. The jury came in, and requested the recalling of the witness, Weston. .

3. The court, overruled the motion for a new trial, properly. There were no facts to justify it. There is no evi-

dence before this court, to enable it to determine whether the verdict was against the evidence.

4. The court had a perfect right to order the *nunc pro tunc* entry. The power of amending records is inherent in all courts. 4 U. S. Dig. 106; *Silner* v. *Butterfield*, 2 Carter, 24; 5 McLean, 135; *State* v. *King*, 5 Iredell, 203. But the record was complete, without the entry. The indictment, and the indorsements thereon, are the record. They show the finding and presentment. Code, chap. 168, §§ 2910 to 2914, inclusive; chap. 171, § 2943; chap. 16, § 144; chap. 92, §§ 1577–79.

IsBELL, J.—The first and second specifications of error are not sustained by the record. A bill of exceptions was taken to the overruling of a motion for a new trial. The *motion* for a new trial is copied into this bill. The *motion so copied*, alleges that certain instructions were given, but the effect of this bill is only that the motion was filed and overruled, and not that the facts alleged in that *motion*, existed.

With regard to the third specification, it appears that, after the jury had been out for some time, finding that they could not agree on the testimony of certain witnesses, they returned into court, and witness Weston was called. The jury were told to examine him, and counsel for both parties were refused the right to interrogate the witness, after he had repeated his testimony on the trial. The counsel for the state and defendant got into a controversy, or dispute, about the testimony of the witness, whereupon the court stated to the defendant's counsel, the state, and the jury, that "the witness had before sworn, that it was within the year that the liquor was sold, and was so down on his minutes." Whereupon, counsel again insisted on questioning the witness, which the court again refused, ruling that it was for the jury alone to inquire of the witness as to his testimony. Although this was not a proper altercation to be carried on in court, in presence of the jury, we cannot see that there is anything in the record that resembles in-

structing the jury on the facts; neither is there anything which makes it apparent that what the court said, was not true. Besides, the witness was still in court, and full leave given to the jury to interrogate him. As to the refusal, on the part of the court, to allow counsel for either party to interrogate the witness in that stage of the proceeding, leaving it for the jury, for whose satisfaction alone the witness was called, so to do, under the supervision of the court, we do not see any good ground of error. We think it would be presuming too much on the ignorance of the jury, to suppose that they were misled by this side-bar altercation; and that the refusal to allow counsel to interrogate the witness, was within the discretion of the court.

The fourth specification of error stands very much on the same ground as the first and second. The fact that a motion for a new trial was made, which recites certain facts, and which was overruled, is clear. But the court has nowhere certified that any of the *facts* contained in that *motion* existed, except the facts in relation to the recalling of the witness Weston, which has just been disposed of; and these we do not regard as sufficient to justify the granting of a new trial, without showing that the jury were, in fact, misled by the declarations of the court in their presence.

The fifth specification is grounded on the fact, that no entry was made, in the books of record of the court, of the finding of the indictment, until long after it was found, and then made in accordance with the indorsement on the indictment. We do not regard this as error. The indictment was properly indorsed, and this indorsement was itself a record, and the only record that should appear until after the arrest. See Code, §§ 144 and 1977, and *Wrocklege* v. *The State, ante,* 167. The making of a record in the books, from the indictment, could not impair the proceedings. As the motion in arrest was based on this last supposed error, this disposes of the sixth specification.

Judgment affirmed.