DAVID A. TIBBALS, Plaintiff in Error,

*vs.*

THE STATE OF WISCONSIN, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF OZAUKEE COUNTY.

An indictment may be found and sustained, against a sheriff or constable for wilfully and corruptly making a false return to process which it was his duty to execute.

In an indictment against an executive officer for making a false return to process which it became his duty to serve and return, it is not sufficient to aver that he falsely returned, etc., but it must be alleged wherein the return was false.

In an indictment of a ministerial officer for making a false return to process which it became his duty to serve, it is necessary to set out the return actually made, and to aver directly, affirmatively and positively the facts which negative the return.

It is indispensable in an indictment of a ministerial officer for a false return to process, not only to aver that the return was false, but wherein it was false, and the return must be negatived by direct allegations of the truth and the fact, traversing the false return charged.

*G. W. Foster,* for the plaintiff in error.

*Per Curiam.* THE plaintiff in error was indicted for making a false return to a writ of replevin as constable of the town of Port Washington.

The plaintiff in error demurred to the indictment, but the demurrer was overruled, whereupon he pleaded not guilty, was tried, convicted and sentenced to pay a fine of $25 and costs.

The charging part of the indictment is in the following words;

" That afterwards, to wit, on the 3d day of November, in the year of our Lord one thousand eight hundred and fifty-three, at the town of Port Washington, in said county of Ozaukee, the said David A. Tibbals, as such constable, then and there having

said writ of replevin in his possession, did knowingly, unlawfully, willfully and corruptly then and there falsely return in writing upon said writ of replevin, that he had by virtue of said writ of replevin, on the 31st day of October, 1853, replevied the goods and chattels in said writ described, and that on the same day he did summon the defendant by delivering him a copy of the same. That then and there the return in writing so made by the said Tibbals, as aforesaid, was dated as of the third day of November, one thousand eight hundred and fifty-three, and signed by the said David A. Tibbals as constable as aforesaid, to the evil example of all others in like case offending, in contempt of the law of the land, to the great hindrance of justice, and against the peace and dignity of the state of Wisconsin."

The conviction and sentence cannot be sustained. The indictment is entirely defective in not alleging wherein the return of the defendant below was false. It is not sufficient to charge in the indictment that the defendant did falsely return that, &c.; but the return must be negatived by affirmative allegations, and it must be averred wherein the return was false, and the contrary thereof must be set forth, and what the fact and the truth was in relation to the transaction whereof return is made. *See Wharton Am. Cr. L.* 643, 122; *Whart. Pr.* 282, *and the cases there cited.*

This is sufficient to dispose of the case, and it is not worth while to examine the other errors.

The judgment of the court below is reversed, and cause remanded.