## THE STATE OF IOWA v. BOWERS.

I. Per WRIGHT, Ch. J., LOWE and COLE, JJ., concurring—DILLON, J., absent.

1. Continuance IN CRIMINAL CAUSES. The right of the State to introduce counter-affidavits in resistance to a defendant's motion, and showing for the continuance of a criminal cause doubted.

2. Jury: CHALLENGE IN CRIMINAL CAUSES. Under §§ 4779 and 4789 of the Revision of 1860, the State was required to complete all its peremptory

challenges, or waive the same before the defendant would be required to commence his.

3. Evidence IN CRIMINAL ACTION. On the trial of a defendant jointly indicted with another for larceny, evidence showing that after the arrest it's co-defendant conducting a witness to a place where the stolen property was deposited, is admissible for the purpose of showing when and where the stolen property was found, without first showing a conspiracy or joint purpose on the part of the defendant to steal such property.

4. —— CONVERSATIONS. On such trial it is competent to show what was said by one of defendants in the presence of the one on trial, although he remain silent, and did not by any word or other act, assent to its correctness. The weight of such evidence is determined by the jury from the circumstances of the case.

## II. Lowe and Cole, J.J.

5. —— WITNESS: ON INDICTMENT. Under §§ 4785 and 4786 of the Revision of 1860, the State is not, on the trial of a criminal case, in the examination of a witness whose name is indorsed on the indictment, restricted to the testimony given by him before the grand jury. If the name of a witness is indorsed on an indictment, and the minutes of his testimony are properly presented and filed, he may be examined as to any and all matters within his knowledge touching or bearing upon the defendant's guilt or innocence.

## III. Wright, Ch. J., not concurring.

6. —— A witness whose name is indorsed on an indictment, should not, without notice to the defendant, as in the case of a new witness, be permitted to testify as to new and substantive facts, material and necessary to the conviction of the defendant, and not presented in the report of his evidence to the grand jury.

### Appeal from Wapello Court.

### Wednesday, June 29.

DEFENDANT was indicted on the 3d day of December, 1863, jointly with one Cower, for stealing two horses, saddles and bridles. On the same day he was arraigned and counsel appointed for the defense. He immediately filed a motion for a continuance, upon a showing made by his own affidavit of the absence of witnesses, by whom he expected to show facts tending to prove an *alibi*, and also

impeaching the character of some of the witnesses, whose names were indorsed on the indictment. The district attorney caused counter-affidavits to be filed, and on the hearing the motion was overruled. An amended motion for a continuance was also overruled. The other facts necessary to an understanding of the questions decided, appear in the opinion of the court.

On the trial, the defendant was found guilty, sentenced to imprisonment in the penitentiary for a term of five years, and now appeals.

*Hendershott & Burton* for the appellant.

*C. C. Nourse,* Attorney-General, for the appellee.

WRIGHT, Ch. J.—I. Did the court err in overruling the prisoner's application for a continuance, is an inquiry,

1. CONTINU-
ANCE in
criminal
cases.

involving questions of no inconsiderable doubt. As, in our opinion, the case must be reversed upon another ground, and as the questions made upon such application cannot well arise again, we prefer to pass them, and do so the more readily from the fact that they have, for the most part, a particular, rather than a general importance. In thus passing the question, we cannot, however, resist the expression of at least a doubt as to the right of the State to introduce counter-affidavits on the hearing of such a motion or application.

2. JURY:
challenge in
criminal
causes.

II. In forming the trial jury the prisoner asked that the State should *complete* its challenges entire, before he should be required to commence or exercise his right. The court however, ruled, that the State was only required to challenge *one* juror, and then the defendant *three,* and so on, alternating in this proportion, until the jury was complete; and in this manner the jury was selected, to all which defendant excepted.

This cause was tried in December, 1863, and the question made is to be determined under the Revision of 1860.

The State of Iowa y. Bowers.

Since the trial the General Assembly has passed the act of July 9th, 1864, which repeals §§ 4779 and 4780 of the Revision, and provides a substitute therefor. (Acts 1864, ch. 10.) By the terms of this act the order of challenges is provided for most clearly and plainly, and, we may add, in exact accordance with the position assumed by the defendant in this instance.

From this legislation may legitimately be drawn an argument against the action of the court below, in the construction given to the former law. For the proposition is not unreasonable that the law was otherwise, and that this remedy was applied to correct the mischief existing. It may properly be accepted as a legislative construction of the prior statute.

But the argument against the ruling below by no means stops here, for it seems to us that § 4780 of the Revision, is, in itself, decisive of the question. By this it is declared that "the State shall *first exhaust its peremptory challenges, or waive the same*, and the defendant afterward." Language could scarcely be more direct or unambiguous. It is *the challenges* (not a challenge) that are to be *exhausted*. And these are to be *first* exhausted. *After* the State has thus exhausted or waived its right, the defendant is called upon, or has the privilege of doing the same thing. Not *before*, not *alternately*, but *after*. Section 3036, regulating the order of challenges in civil cases, and which was construed in *The Gas Light and Coke Company* v. *The City of Davenport*, 13 Iowa, 229, differs materially in its language from the one under consideration. That case is not fairly analogous, and cannot be claimed, therefore, as authority for the construction claimed by the State in this instance.

III. It further appears from the bill of exceptions, that the State introduced a witness who had been before the grand jury, whose name was duly indorsed on the indictment, and whose testimony before

3. Evi-
DENCE
in criminal
actions.

that jury was properly recorded and certified, by whom it was proposed to prove facts material to the prosecution, and necessary to the conviction of defendant, but which had not been testified to before the grand jury. Neither had he testified to anything on the subject matter,, or facts of the case sought to be inquired into. To this the defendant objected; the objection was overruled, and this ruling is now assigned for error. It also appears that the witness did give testimony in this manner material and necessary to the conviction of the prisoner.

The law requires that the names of all the witnesses 5. —— wit- examined before the grand jury, shall be presented with the indictment, and filed. § 4785. In offering evidence in support of the indictment, the district attorney is not permitted to introduce any witness who was not examined before the grand jury, and the minutes of whose testimony was not taken by the clerk and presented with the indictment, unless he shall give notice, &c. § 4786.

*5. —— Witnesses on indictment.*

Per LOWE and COLE, J.J.      I am instructed to announce as the opinion of a majority of the members of the court present, and deciding this case, that under these sections the State is not limited to the testimony given by the witnesses before the grand jury, but that if his name is indorsed on the indictment, and the minutes of his testimony properly presented and filed, he may be examined as to any and all matters within his knowledge, touching or bearing upon the prisoner's guilt or innocence. The argument is that the statute requiring a return of this testimony is an innovation upon the rules heretofore existing in our criminal practice, that the language refers to the *witness* and the presentation of the testimony given by him *before the grand jury*, and does not exclude anything else he may know or recollect on the subject. And this view it is insisted is supported by the very words, "he shall not introduce any witness,"

whereas, if the prisoner's position is correct, the language would have been, "he shall not introduce any *testimony*, the minutes of which was not taken," &c. And that, as the State cannot introduce any other without notice, it may examine fully as to all matters, the witnesses thus made competent.

Any other view it is further maintained is unwarranted by the letter of the law and would tend almost necessarily to defeat many if not all prosecutions.

6. —— Per I feel bound to say for myself, however, that this
WRIGHT,
Ch. J. view is neither conclusive nor satisfactory. It seems to me that the object of requiring the testimony to be returned with the indictment, would thus in very many instances be practically defeated.

The defendant has a right to examine it, and to a copy of it without charge. And thus he knows not only the witnesses against him, but the substance of their testimony. But he cannot know this if a witness may, as in this case, testify to matters " material to his conviction and of which he did not speak before the grand jury." I do not claim that the witness is to be confined to the words or necessarily to the same conversations, acts, or transactions referred to before the grand jury. But that if he refers to new and substantial facts, new matter, material and admitted to be necessary to the conviction, he is within the meaning of the law a new witness. That the witness *and his testimony* are the same under the statute, and that the one, no more than the other can be introduced without notice.

In these general reviews I have presented our respective positions, with no purpose of entering into the argument in detail. What has been said sufficiently indicates the line of thought leading to the different conclusions.

It only remains to say that, in the opinion of the majority, the court below did not err, and the ruling upon this point is therefore affirmed.

The State of Iowa v. Bowers.

IV and V. The remaining questions present but little difficulty. The State was allowed to prove that immedi-

4. —— Con-versations. ately after the arrest of the prisoner "Cowen conducted the witness to the horses." This was proper to establish a fact, when and how the stolen property was found. The existence of a conspiracy or joint purpose between the prisoner and Cowen to steal the property was not necessary to the competency of the proposed evidence. If they did not unite in the commission of the felony, Cowen's act in conducting the officers to the property would tend to exculpate rather than implicate the defendant. The fact that it happened to be Cowen rather than some other person could make no difference.

It was competent to prove what was "said by Cowen in regard to taking the horses in the presence and hearing of defendant, to which he made no objection, although he remained silent and did not by any words or other acts assent to its correctness." The weight to be attached to such a conversation, or the presumption arising from the prisoner's silence, must depend upon the circumstances, and of all these the jury are the proper judges. In some instances this presumption would be very strong against him, in others equally slight. As a rule, however, such testimony should be cautiously received and weighed in the same manner. It cannot be said, however, to be incompetent and inadmissible.

Because the court erred in the formation of the trial jury, the cause is reversed and remanded for trial *de novo.*