## The State of Iowa v. McCoy.

1. **Evidence:** CRIMINAL LAW. On the trial of a criminal action, the State is not limited in the examination of the witnesses whose names are indorsed on the indictment, to the points which appear in the reported minutes of the evidence before the grand jury; following *The State of Iowa* v. *Bowers*, 17 Iowa, 46; and *The State of Iowa* v. *Ostrander*, 18 Id, 435.

*Appeal from Johnson District Court.*

Friday, April 13.

The defendant was indicted for setting fire to shavings with intent to burn, and for setting fire to and burning a wagon shop in Iowa City. On the trial, the State offered to prove certain facts, as set forth in the opinion, which, on objection by the defendant, were excluded. Exceptions were duly taken, and the State appeals from that ruling

*F. E. Bissell*, Attorney-General, for the State.

No appearance for the appellee.

COLE, J.— On the investigation of the case before the grand jury, a witness was called, who testified, that "on the night of the fire the defendant came in my saloon, drank three glasses of beer, asked for some matches, which I gave him, went out, and some ten or fifteen minutes after I heard the cry of fire. McCoy got the matches between twelve and one o'clock at night." The minutes of this witness's testimony, together with that of the other witnesses examined before the grand jury, were duly taken, certified, returned and filed with the indictment.

Upon the trial of the cause before a jury, in the District Court, the same witness was introduced in behalf of the

State, and after he had been interrogated· by the district attorney as to the matters set forth in the minutes as taken by the grand jury, he was asked to state what he knew about the location of the building burned, and in whose possession it was at the time of the fire. The defendant's counsel objected to the question, on the ground that the witness had not testified upon that point before the grand jury. The District Court sustained the objection, and would not permit the witness to answer the question. Whether this ruling was correct or not, is the only question for us to determine.

In *The State* v. *Bowers*, 17 Iowa, 46, it was held by a majority of the court present, and deciding that case (WRIGHT, Ch. J., dissenting; DILLON, J., being absent), that where the new matter (not embraced or referred to in the minutes) offered to be proved by the minutes, was even material and necessary to the conviction of the accused, such testimony might properly be elicited. In the case of *The State* v. *Ostrander*, 18 Iowa, 435, the new matter testified to was not material to the conviction, but was of corroborating circumstances merely. · DILLON, J., delivered the opinion, and expressed his concurrence in the opinion of the majority, in *The State* v. *Bowers*, *supra*, and the then chief justice (WRIGHT), concurred in the ruling in this last case. Following these decisions, we all unite in the conclusion (WRIGHT, J., for the reason stated in *The State* v. *Ostrander*), that the court erred in excluding the testimony offered in this case, and the ruling thereon is therefore

Reversed.