## McCARTHY *v.* THE TERRITORY OF WYOMING.

INDICTMENT—ALLEGATIONS.—An indictment for an offense prohibited by statute must allege sufficient facts to bring the offense within the provisions of that special statute. A general allegation at the close of the indictment to the effect that the defendant "was then and there unlawfully and corruptly guilty of malfeasance," is not sufficient.

ERROR to the Third Judicial District Court for Sweetwater county.

A full statement of the case is contained in the opinion of the court.

*W. W. Corlett,* for the plaintiff in error, contended that the demurrer to the indictment should have been sustained, for the reason that such indictment did not set forth sufficient facts, etc., and cited: Laws of Wyoming, 1869, 380; Wharton C. L., sec. 364, *et seq.; U. S.* v. *Lancaster,* 2

McLean, 431; *People* v. *Allen*, 5 Denio, 76; *Van Valkenbury* v. *State*, 11 Ohio, 404; *Tibbals* v. *State*, 5 Mis. 596; *State* v. *Hussey*, 11 Am. R. 209; Bish. on Stat. Crimes, sec. 223; *Cern* v. *Gibbs*, 4 Dallas, 253; Bish. on Crim. Pro., sec. 612; *Wrocklege* v. *State*, 1 Iowa, 167; *Herring* v. *State*, 1 Id. 205; *Chappell* v. *State*, 8 La. 166; *Green* v. *State*, 19 Ark. 178; *Gardner* v. *People*, 20 Ill. 430.

*H. Garbanati*, for the defendant in error, cites: Laws of Wyoming, 1869, 127; 2 Bouv. 91, 174; 1 Bish. Crim. Pro. sec. 413, and *State* v. *Stimpson* there referred to.

By the Court, Fisher, C. J.: This was an indictment with five counts, charging the defendant with malfeasance in office in demanding and receiving illegal fees as county clerk in and for said county of Sweetwater. The matters upon which the said indictment was based were as follows, after inserting the caption of the indictment in the usual form: That the grand jurors aforesaid, upon their oaths aforesaid, do further present and find that the said Timothy McCarthy, late of the county aforesaid, on the fourth day of February, A. D. 1873, at the county aforesaid, then and there being county clerk as aforesaid, duly authorized and qualified as aforesaid, did then and there, as said county clerk, present a certain bill or voucher to the board of county commissioners of said county (which said board was then and there duly authorized as aforesaid) for the sum of eighty dollars and sixty-five cents, and then and there ask, demand and receive from said county, payment of the same for services alleged to have been by him, as said clerk, performed for said county, and which said bill contained items not lawfully chargeable against said county by said clerk; and the jurors aforesaid, upon their oaths aforesaid, do say that the said Timothy McCarthy, late of the county aforesaid, so being county clerk as aforesaid, then and there did unlawfully present said certain bill of that date to the board of commissioners of said county as aforesaid (which said

board was then and there duly authorized as aforesaid), and did then and there ask, demand and receive from said county payment of said bill, which said bill contained items not justly or lawfully chargeable against said county by said clerk; and the said Timothy McCarthy, by his said unlawful act, was then and there willfully and corruptly guilty of malfeasance."

The fifth count in said indictment is in precisely the same words except in the date of the wrongful act charged and the amount of money wrongfully alleged to have been by said Timothy McCarthy obtained. No reference is made to the first, second and fourth counts of the indictment for the reason that the trial jury found the defendant not guilty in the first and fourth counts, and paid no attention whatever to the second count. A general demurrer was filed to the indictment which was overruled by the court. The overruling of the demurrer is made the principal ground of the errors complained of. The case having been submitted to a jury they retired and returned a verdict of guilty on the third and fifth counts of the indictment, and after motions for a new trial, in arrest of judgment, etc., the defendant was called for sentence, when the record shows the following proceedings were had, on the third count of the indictment: "It is therefore ordered and adjudged that the defendant, Timothy McCarthy, pay a fine cf two hundred dollars, and stand committed until said fine be paid." The form of sentence on the verdict on the fifth count is in precisely the same language. The counsel for the plaintiff in error takes the ground that the demurrer should have been sustained because the record does not show that the indictment was duly found and returned in open court.

That the indictment is bad for want of certainty, that it is indefinite in not setting out with sufficient certainty wherein the bills or vouchers alleged to have been presented and approved by the board of county commissioners were fraudulent, to whom they were due, nor the particu-

lar items in said bills or vouchers upon which the charge
of fraudulent action rests. They also say that the court in
passing sentence on the accused failed to set out to whom
the fines were to be paid, and that in default of their pay-
ment the court failed to designate where the defendant was
to be imprisoned. In support of the first position as
above stated the counsel for plaintiff in error cites Laws of
Wyoming, 1869, pp. 157–60; also Id. 149–50, 157, secs. 11,
12, 13 *et seq.;* also Wharton's C. L., secs. 364, 366, 374–76;
2 McLean; 5 Denio; *Valkenberg* v. *State,* 11 Ohio; 11 Am.
R. 209; 1 Iowa, 205; and a large number of other author-
ities. On the second point relating to the defect in the
form of passing judgment he cited various authorities.

The general rule relating to indictments is, that they
should set out affirmatively sufficient to constitute in them-
selves allegations to make out the offense charged, and leave
nothing to be supplied by inference or proof. It will be
found on an examination of the record in this case that the
statutory offense is not charged from the fact that the indict-
ment fails to allege that the defendant in the court below
committed the offense with which he stood charged, while
in discharge of his official duties as county clerk; that this
is required, to comply with the words of the statute: sec. 96,
page 127, Laws of Wyoming, 1869. And again, the indict-
ment does not state wherein the defendant was guilty of
malfeasance; it simply charges that Timothy McCarthy was
clerk, etc., and that he presented certain bills or vouchers,
and did demand and receive moneys on certain items con-
tained in said bills or vouchers, to which he was not entitled,
and thereby was "willfully and corruptly guilty of malfea-
sance." This would seem to be merely a conclusion of law,
and fails to say what the items in the bills or vouchers con-
sisted of, leaving the omissions to be supplied by the evi-
dence or to be inferred. This we think is altogether too
uncertain and indefinite. In the case of *Tibbals* v. *The State,*
5 Wis. 596, this doctrine is very fully stated, in a case in
which an officer was indicted for making a false return on a

writ of replevin; in that case the indictment set out the false return more fully than the prosecution has done in this case, but failed to state the particular item of the return alleged to be false; there was sufficient to show the falsity of the return.    But the supreme court held that the indictment was entirely defective, and in the opinion says: It is not enough to charge that the defendant below did falsely return, etc., but must state wherein the return is false.    This, we think, is a parallel case, and that it is not sufficient to state that the defendant below demanded and received items in an account to which he was not entitled, and thereby willfully and corruptly was guilty of malfeasance; but it must, before it can stand, specify those items definitely, and the prosecuting officer having failed to thus particularize the items, the indictment becomes bad for want of certainty. This is especially so when we find that the statutes of Wyoming of 1869, after enumerating the fees to be allowed to the county clerk, provides that he shall, for all services not enumerated in the statute, be allowed a reasonable compensation for other services; and there is nothing in the indictment to show that the items alleged to have been fraudulently inserted into McCarthy's accounts were not items for which he was to be allowed a reasonable compensation. The indorsement on the instrument, we think, is not so defective as to seriously affect the indictment, but it is not in the form suggested in the statute.    The form of the sentence is claimed to be defective from the fact that the learned judge below failed to designate to whom the fine was to be paid, or where the defendant should be confined in the event of his failure to pay the fine.

We do not think it necessary to pass upon these questions from the fact that the defects in the indictment are sufficient to set the whole proceedings aside, independent of any other questions.

Proceedings reversed and case remanded.