## W. A. McConkie v W. C. Babcock, Appellant.

**Reading Transcript to Jury:** DISCRETION OF COURT. Whether an attorney. in his argument, may read transcribed portions of evidence taken by the official reporter, is in the discretion of the court.

**Same.** Where the court permits a part of a party's evidence to be read to the jury, if the real effect of the evidence touching certain points is not fairly presented in the portion read, the court should permit his entire evidence touching such matter to be read, if he so desires.

**Appeal:** REVIEW OF VERDICT. A finding of fact, supported by some evidence, will not be disturbed, though the appellate court might have found otherwise.

**Harmless error.** Where a finding that a note was on good consideration has support, it becomes immaterial whether its holder was a purchaser for value, without notice that consideration for the note had failed.

*Appeal from Cedar Rapids Superior Court.*—HON. THOMAS M. GIBERSON, Judge.

TUESDAY, FEBRUARY 2, 1897.

THIS is an action upon a promissory note for two hundred and fifty dollars, executed March 6, 1894, by the defendant to one Rudd Dent, and by him assigned to the plaintiff. The note was due May 6, 1894. To the petition on the note the defendant answered, in substance, admitting the execution of the note, and pleading a failure of consideration. He also alleged that plaintiff took the note with knowledge of all of the facts, and was not a *bona fide* purchaser. In a reply the plaintiff denies all notice or knowledge that the consideration of the note had failed, and alleges that he purchased the note before its maturity, without notice, and is an innocent holder thereof for value.

The cause was tried to the court and a jury, and a verdict returned for the full amount of the note and interest, upon which a judgment was entered. Defendant appeals—*Affirmed.*

*C. J. Deacon* for appellant.

*John M. Redmond* for appellee.

Kinne, C. J.—I. Defendant, at the close of the testimony, moved the court to instruct the jury to return a verdict for him. The motion, which was overruled, was based upon the grounds—*First*, that the undisputed evidence showed that there was no consideration from Dent to Babcock for the note in controversy; *second*, that it appeared from the undisputed evidence that plaintiff was not the purchaser of the note for a valuable consideration in the usual course of trade; and, *third*, that it likewise appeared that plaintiff was not the purchaser of the note for value, and before maturity, without notice of the failure of consideration. Some of these same questions were raised, also, upon rulings upon instructions asked and refused, as well as upon those given in the charge of the court. The jury, in answer to a special interrogatory, found that there was a consideration for the note sued upon. It appears that one Dent, the payee of this note, was the owner of what was known as the Merchants Specialty Company and its business; that he made certain representations to the defendant as to the prospects and condition of said concern, the amount of property it had on hand, and that it was all paid for; that certain goods had been ordered and paid for, and that he had orders from responsible parties for one thousand three hundred dollars worth of goods, upon which there would be seven hundred dollars profit; that the goods sold readily on the market at a

good profit, and he had a good trade worked up for the same; and other representations, on the faith of which defendant purchased a one-half interest in the business, paying therefor seven hundred and fifty dollars in cash, and also giving the note in suit. Some of these representations were undoubtedly false. As to others, there is some testimony which may have warranted the finding of the jury that there was a consideration for the note. While, sitting as a jury, we should not have made the finding they did, still it is not so lacking in support in the evidence as to justify us in disturbing the verdict in that respect. There is evidence tending to show, that at about the time the note was transferred, the defendant still thought he had made a good investment. We cannot, in view of the evidence and special finding, hold that the note was without consideration.

II. As the jury found that there was a consideration for the note, and as we hold that the evidence is such that we may not disturb that finding, it is not material as to whether plaintiff was a purchaser for value in the usual course of trade; that is, as long as there was a consideration for the note, and it has been assigned to plaintiff, it is good in his hands, regardless of whether he took it simply to secure a pre-existing debt, or in so taking it made a valid agreement to extend the time of payment of the indebtedness, so as to make him a *bona fide* holder of the note for value. If there was a consideration for the note, then it is good in plaintiff's hands as security for Dent's debts to him, and may be enforced against the defendant.

III. The other questions discussed by defendant's counsel, as to whether, when plaintiff took the note, he knew or had reason to know that it was without consideration, is disposed of by the finding of the jury that it, in fact, was given upon consideration.

IV. We discover no error in giving or refusing to give instructions. Those asked were in substance embraced in the charge as given to the jury.

V. When counsel for defendant was making the closing argument to the jury, and as he was proceeding to read to the jury portions of the evidence offered in said cause, which had been transcribed for that purpose by the official shorthand reporter, plaintiff's counsel objected in writing as follows: "Counsel for plaintiff objects to counsel for defendant reading, in his closing argument to the jury, transcribed portions of the reporter's minutes of the testimony, for the reason that the minutes were not read or adverted to in defendant's counsel's opening argument to the jury, and for the further reason that plaintiff's counsel has closed his argument to the jury, and has no opportunity to read transcribed portions of testimony which might favor plaintiff, or explain or qualify the portions offered to be read by defendant's counsel." And thereupon counsel for defendant, Babcock, filed the following written reply to said objections, to-wit: "Counsel for defendant states that it is the evidence of plaintiff which he quoted in his opening argument, and which counsel for plaintiff referred to in his argument, and quoted differently, and counsel for defendant proposes to now verify his statement by reading from the reporter's notes as transcribed by him." The court sustained plaintiff's objections, and this ruling is complained of. No decision of this court is called to our attention, and we find none, wherein the question here presented has been considered. In our researches we find but two cases wherein the right of counsel, in argument, to read to the jury the transcribed notes of the testimony of a witness given in the same case, has been considered. It was held, in *Stuckey v. Fritsche,* 77 Wis. 329 (46 N. W. Rep. 60), that it was not error to permit counsel to

read to the jury, in his closing argument, from the minutes of the reporter, the cross-examination of the defendant as a witness in his own behalf; that, if defendant was of the opinion that that evidence was not a fair statement of what he had testified to on the trial, he should have insisted, if he so desired, that all of his evidence should be read to the jury. In *Gwaltney v. Land Co.*, 115 N. C. 579 (20 S. E. Rep. 467), it was held, that there was no "objection to counsel's using stenographic notes in rehearsing parts of the testimony to the jury, when they are read as aids to his memory, and are according to his recollection. They derive no additional weight from being such notes, but are simply counsel's statements, not under oath, but in the course of his argument, as to his understanding of the testimony." In this last case it does not appear that the notes referred to, were those of the official reporter. They may have been notes made by the counsel himself. We are aware of the fact that it is, and for many years has been, the practice in this state, for counsel to read to the jury portions of the transcribed notes of the examination of a witness, when a controversy arises as to what the evidence of the witness was, as to a certain fact or facts. It must, however, be conceded that, if it is proposed to read but a portion of the evidence of the witness, it may not fairly show the entire scope and meaning of all he said upon the subject of the contention. And if, as is held in the Wisconsin case, the witness has a right to have his entire evidence read, it can readily be seen that time must be allowed in which his counsel might have a transcript of the notes of his evidence made. This would often greatly delay the trial, without any real benefit to either party. It seems to us, of necessity, the right to read any part or portion of the evidence of a witness which is given in the case on trial to the jury must be

a matter largely within the discretion of the trial judge; and we should not be justified in reversing a cause, because of a ruling of the trial judge relating thereto, unless it is reasonably clear that he has abused his discretion to the prejudice of the complaining party. There are, no doubt, cases where it is proper for the trial judge to permit such reading, and if the real force and effect of the evidence of a party touching certain facts is not fairly presented to the jury in the portion read, then it is proper to permit the witness, if he so desires, to have his entire evidence touching that matter read to the jury. As a rule, little good can come from reading any of the transcribed evidence to the jury, and it would not be error to refuse to permit it to be done when it would likely result in allowing the witness to have all of his evidence relating to the subject of dispute read, if such reading would unnecessarily delay the trial, unless the court was satisfied that it was necessary to a fair presentation of the case. Having heard the evidence, the jury are well able, usually, to determine the truth of the matter, as between the claims and statements of opposing counsel. Holding, as we do, that it is a matter resting in the sound discretion of the trial judge, we see no reason in this case for holding that his ruling was erroneous. It does not appear, from the facts before us, that he improperly exercised his discretion.

VI. Several errors are assigned upon rulings touching the admission of evidence. We have examined the record and arguments touching each of them, and discover no reversible error.—Affirmed.