STATE OF IOWA v. GEORGE PERKINS, Appellant.

**Criminal law:** EXAMINATION OF WITNESSES: MATTERS NOT TESTIFIED TO BEFORE GRAND JURY. A witness who has been examined before the grand jury, and minutes of his testimony have been preserved and filed, may be examined upon the trial as to all matters within his knowledge touching the defendants guilt or innocence.

**Trial:** READING EVIDENCE TO JURY. It is proper for the jury to return to the courtroom during its deliberations and upon its request for the reporter to read to them from his notes portions of the testimony, when done at the direction of the court and in the presence of counsel for both parties; and the objection that undue prominence is given the evidence thus read is not tenable.

**Adultery:** SENTENCE FOR DEFINITE TERM: PREJUDICE. Under the indeterminate sentence law, except for treason or murder, the court imposing sentence of confinement in the penitentiary has no power to fix the duration of the same, as this is governed by the statute which declares that the imprisonment shall not exceed the maximum term as provided by law for the particular crime; but where the court on conviction for adultery

imposed a sentence of imprisonment for a term less than the maximum fixed by law there was no prejudice of which defendant could complain, and he was not entitled to a reversal on that account.

*Appeal from Bremer District Court.*—HON. J. F. CLYDE, Judge.

TUESDAY, MARCH 9, 1909.

REHEARING DENIED SATURDAY, JUNE 5, 1909.

THE defendant was convicted of the crime of adultery, and appeals.—*Affirmed.*

*C. G. Burling* and *Sager & Sweet,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

SHERWIN, J.—Mary Perkins, the defendant's wife, was a witness before the grand jury, where she testified that she was his wife, and that she had made the complaint upon which the prosecution was based.

1. CRIMINAL LAW: examination of witnesses: matters not testified to before grand jury.

She was also a witness for the State on the trial of the case, and, after she had testified substantially as she did before the grand jury, she was asked by the State whether her husband had said anything to her about staying with Mrs. Goodin at the Mitchell boarding house. Over the defendant's objection, she answered: "Why, he said he knew he hadn't ought to stayed with her that night down there, but he said he didn't care what he did. . . . Said he stayed at Mitchell's boarding house." There was no error in receiving the answer. We have repeatedly held that, when a witness has testified before the grand jury and minutes of his testimony are properly presented and

filed, he may on the trial be examined as to any and all matters within his knowledge bearing upon the defendant's guilt or innocence. *State v. Bowers,* 17 Iowa, 46; *State v. Ostrander,* 18 Iowa, 435; *State v. McCoy,* 20 Iowa, 262; *State v. Wrand,* 108 Iowa, 73; *State v. Seery,* 129 Iowa, 259.

After the jury had deliberated on the case several hours, it returned to the courtroom, and asked that the entire testimony of one witness and certain parts of the testimony of other witnesses be read from the shorthand notes of the trial. Whereupon the court, with counsel all present, directed the reporter to read the desired testimony, and it was read, and thereafter the defendant objected thereto. There was no error in the proceeding. Section 245a, Code Supp. 1907, provides that the original shorthand notes of the evidence or any part thereof taken upon the trial of any cause or proceeding in any court of record of this State by the shorthand reporter of such court "shall be admissible in evidence on any retrial of the case or proceeding in which the same were taken." Code, section 3675, provides that the proceedings of trials, either at law or in equity, shall be reported upon request, and that, when said report is properly certified by the trial judge and reported and filed, it shall be a part of the record in the action and constitute a complete bill of exception. Section 4122 of the Code provides that a translation of the original shorthand notes, properly certified, shall constitute a part of the record, and shall be sent to this court when a transcript of the evidence is required. And section 5371 of the Code provides that "all the provisions relating to mode and manner of the trial of civil actions, report thereof, translation of the shorthand reporter's notes, the making such report and translation a part of the record, and in all other respects, apply to the trial of criminal actions." The foregoing provisions of the statutes are referred to for the

2. TRIAL: reading evidence to the jury.

purpose of showing the faith and credit which are to be given to the shorthand reporter's notes by legislative enactments. It is true that in some instances the notes may not be used until they have been certified to be correct, but notwithstanding this the general trend of the enactments is to recognize the correctness of the notes of the shorthand reporter, and aside from this lawyers and judges of experience know that such notes contain, with few exceptions, the testimony of witnesses as it was given, and are thoroughly reliable. Indeed, no question is here made as to the correctness of the testimony read to the jury.

The contention of the appellant is that the testimony was given undue prominence by such reading, and that the jurors should have been compelled to depend upon their individual recollection of it. The testimony is reported so that it may become a part of the permanent record, and thus assist in the administration of justice in both civil and criminal cases. The lawyers depend upon the report in the future progress of the case, and a translation thereof furnishes this court its only means of determining disputed questions as to the record. In argument to the jury, attorneys may refresh their recollections by reading from the notes. *McConkie v. Babcock,* 101 Iowa, 126. And we know of no sound reason why the memories of jurors may not be stimulated in the same way. It will certainly promote justice in all cases if the triers of fact understand and remember the evidence upon which the case must rest and be determined, and, where there is an honest doubt in the mind of a juror as to what was said by a witness, it can not be prejudicial to any one to have such doubt removed by a rehearing of such testimony. And this is particularly true in view of our statutes on the subject. We have been cited to no case directly in point, but in *Herring v. State,* 1 Iowa, 205, there was a holding analogous to our conclusion here. *Fleming v. Shenandoah,* 67 Iowa, 505, was a case where the reporter went into

the jury room, and, in the absence of court and counsel and without the knowledge of the defendant or counsel, read from his notes made at the trial such portions of the testimony as the jury called for. That case is clearly not controlling here. The district court entered judgment on the verdict, finding the defendant guilty as charged, and ordering that he be imprisoned at hard labor in the penitentiary for the term of one year.

The defendant contends that the judgment fixing the time of his imprisonment is erroneous, and asks that the case be reversed on account thereof. Section 4932 of the

3. ADULTERY: sentence for definite term: prejudice.

Code fixes the punishment for adultery at imprisonment in the penitentiary not more than three years or a fine not exceeding $300 and imprisonment in the county jail not exceeding one year. Section 5718-a13, Code Supp. 1907, provides as follows, so far as the same is material here: "Indeterminate sentences. After July 4, 1907, whenever any person over sixteen years of age is convicted of a felony, committed subsequent to July 4, 1907, except treason or murder, the court imposing a sentence of confinement in the penitentiary shall not fix the limit or duration of the same, but the term of such imprisonment shall not exceed the maximum term provided by law for the crime of which the prisoner was convicted." The crime was committed in 1908, and the defendant was over sixteen years of age at the time. Sections 5718-a14-5718-a30, inclusive, Code Supp. 1907, define the powers and duties of the board of parole, and provide for the parole of certain prisoners and the duties of the board relating to pardons. No power to pardon is therein given to the board of parole, however. Did the district court commit error for which there should be a reversal in disregarding the plain provisions of section 5718-a13? That the court erred in so ignoring the statute we have no doubt. If the constitutionality of a statute is a question properly presented to the court for determina-

tion, the court's duty is plain. But, until the question is so raised, we think the statute should be obeyed. We need say no more about the constitutional aspect of the case. The appellant disavows any claim that is unconstitutional, and the State has not appealed, and, if it had, it would be in no position to argue the constitutionality of the act for the simple reason that it has not been assailed. All that the appellant claims is that the district court had no jurisdiction to fix an absolute term of imprisonment.

It is clear that the maximum imprisonment and punishment provided for by section 4932 of the Code is three years in the penitentiary. Section 5718-a13 expressly provides that, except for treason or murder, the court imposing sentence of confinement in the penitentiary shall not fix the limit or duration of the same, but the term of such imprisonment shall not exceed the maximum term provided by law for the crime. While the district court has the power under the law to imprison in the penitentiary by the terms of this statute it is denied the power to fix the terms of such imprisonment, and the law itself says what the term shall be. It says, in effect, that it shall be the maximum term provided for in the law fixing the punishment or imprisonment. The law is designated as an indeterminate sentence law because under its provisions the board of parole may order a release from prison regardless of the maximum fixed by the law. Under similar laws for an indeterminate sentence, judgments conforming to the statutes have been held to be for the maximum period. *In re Conditional Discharge of Convicts,* 73 Vt. 414 (51 Atl. 10, 56 L. R. A. 658); *People v. Illinois State Reformatory,* 148 Ill. 413 (36 N. E. 76, 23 L. R. A. 139); *State v. Peters,* 43 Ohio St. 629 (4 N. E. 81); *Oliver v. Oliver,* 169 Mass. 592 (48 N. E. 843); *Commonwealth v. Brown,* 167 Mass. 144 (45 N. E. 1); *Murphy v. Commonwealth,* 172 Mass. 264 (52 N. E. 505, 43 L. R. A. 154, 70 Am. St. Rep. 266). As the statute,

under the above decisions, fixes absolutely the term for which the defendant should have been sentenced, it is manifest that a sentence for a shorter term was not prejudicial to the appellant, and he is not entitled to a reversal of the case.  12 Cyc. 783, and cases cited in notes; 3 Wharton on Criminal Law, section 3403.  The fixing of a shorter term by the court can not in our judgment affect the power of the board of parole to act in his case if it shall so determine.  So that in any view of the matter the appellant has not been prejudiced by the erroneous judgment of the district court.

There is no error for which there should be a reversal, and the judgment must be and it is *affirmed.*