## THE STATE OF IOWA v. TUCKER.

1. **Indictment:** INCOMPETENT EVIDENCE. The admission of incompetent evidence by the grand jury, does not constitute sufficient ground for setting aside an indictment.

*Appeal from Linn District Court.*

SATURDAY, JUNE 16.

SETTING ASIDE INDICTMENT, &C. — Defendants, Esek and Marion Tucker, are father and daughter, and were jointly indicted for incest. The father failed to appear for arraignment. The daughter (Marion) appeared, and moved the court to set aside the indictment, because one Philomela Tucker, the wife of the said Esek, and mother of the said Marion, was examined as a witness before the grand jury against both of said defendants.

The motion was sustained and the indictment set aside as to the said Marion.

The State excepted and appeals.

*F. E. Bissell,* Attorney-General, for the State.

*Thomas Corbett* for the defendant, Marion Tucker.

DILLON, J. — The record shows that five witnesses, in addition to the said Philomela, gave competent evidence before the grand jury, and sufficient, even if hers was excluded, to justify and even require them to find a bill. To sustain the ruling of the court, the defendant's attorney cites us to subdivision 4 of section 4691 of the Revision, which provides that the indictment shall be set aside "when any person other than the grand jurors was present before the grand jury during the investigation of the charge, except as required or permitted by law."

1. INDICTMENT: incompetent evidence.

It is not claimed that the wife "was present before the grand jury during the investigation of the charge" against the indictees, *except when being examined as a witness.*

But the objection is, that she was present as a witness; and the argument to support it is, that being the wife of one of the defendants on a joint charge and indictment, she was incompetent as a witness (Rev., § 3983); that being incompetent as against her husband, she is likewise incompetent as against any co-defendant (1 Greenl. Ev., §§ 334, 335); that from the nature of the charge she cannot testify against her daughter, without at the same time implicating her husband; that being for these reasons incompetent as a witness, she was "neither required or permitted by law" to be present during the investigation before the grand jury. It is not necessary to decide

whether the wife is a competent witness against her husband or the daughter. Even if it be admitted that she is not, still this constitutes no ground for setting aside the indictment. The section of the Revision cited (4691, subdiv. 4), has no reference to such a case.

Its object is to exclude outsiders or spectators from the grand jury room.

Whether witnesses are competent is of often a very difficult question of law, and to hold that if the grand jury, in the course of their investigation, happen to examine an incompetent witness, that this will have the effect to vitiate their finding, is going a step further than we are prepared to take. The motion of the daughter to set aside the indictment should have been overruled.

Reversed.