## The State v. Morris.

1. **Criminal law:** MINUTES OF EVIDENCE. That the minutes of evidence taken before the grand jury do not show sufficient to justify the finding of the indictment, constitutes no ground for quashing or setting aside the same.

2. —— ENTRY OF PLEA BY COURT. When a motion to set aside an indictment is denied, the defendant must immediately demur or plead thereto; and upon his refusal to do either a plea of not guilty must be entered by the court. Rev., § 4722.

*Appeal from Clarke District Court.*

TUESDAY, APRIL 8.

THE defendant was indicted, in connection with one William Collins, for the crime of uttering as true, a forged promissory note for the payment of money. The defendant Morris moved to quash and set aside the indictment, because there are no minutes of the evidence taken before the grand jury, and returned with indictment showing that he had any connection

with the offense. This motion was overruled, and the defendant refusing to plead, the court ordered a plea of not guilty entered of record. The defendant Morris excepted, and appeals.

*Parrott & Likes* for the appellant.

*M. E. Cutts*, attorney-general, for the State.

COLE, J. — The minutes of the evidence taken before the grand jury and returned with the indictment, while they contain references to the defendant Morris, nevertheless do not show sufficient facts to justify the finding of the indictment, as against him. But this is not a ground for quashing or setting aside the indictment. Rev., § 4691. See, also, *The State* v. *Bowers*, 17 Iowa, 46, and *The State* v. *Van Vleet*, 23 id. 27. When a motion to set aside an indictment is denied by the court, the defendant must immediately demur or plead thereto. § 4696. If he refuse to do either, "a plea of not guilty must be entered by the court." § 4722. The court therefore did not err, either in overruling the motion to set aside the indictment or in entering the plea of not guilty.

Affirmed.