## The State v. Matlock.

1. **Criminal Law:** BIGAMY: RIGHT TO BE CONFRONTED WITH WIT-
NESSES: NOT APPLICABLE TO RECORD EVIDENCE.  Section 10, art. 1,
of the constitution of Iowa, providing that one accused of a crime shall
have a right to be confronted with the witnesses against him, has no
reference to record evidence.  And so, in a prosecution for bigamy, cer-
tified transcripts of marriage records are receivable as evidence of the
marriages and the dates thereof. (Code, § 1297.)  REED, J., *dissenting.*

*Appeal from Harrison District Court.*

THURSDAY, DECEMBER 9.

THE defendant was indicted, tried and convicted of the
the crime of bigamy, and he appeals.

*J. H. Smith* and *Charles Mackenzie,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

ROTHROCK, J.—I.  It appears from the evidence that the
defendant was married to one Susan Worth, in Union county,
in this state, and that there were two children, the issue of
this marriage.  Afterwards the defendant, under the name
of William Jones, married a woman named Emma Houston.
A short time after the second marriage this prosecution was
commenced against him.  The evidence clearly identified the
defendant as a party to both marriages, and no claim is made
that the first marriage had been annulled when the second
marriage took place.  The evidence identifying the defend-
ant is so conclusive that we do not deem it important to elab-
orate this point in the case.

II.  The district attorney introduced in evidence certified
transcripts from the marriage records of the counties where
the marriages were solemnized.  The defendant objected to
the introduction of record evidence of the marriages, upon
the ground that, under section 10, art. 1, of the constitution

of this state, it was the right of the defendant to be confronted with the witnesses against him. Certified transcripts of marriage records are "receivable in all courts and places as evidence of the marriage, and the date thereof." · Code, § 2197. The law makes marriages a matter of public record, and the record is made evidence of the fact of the marriage. There is no reason why this provision should not apply to criminal as well as to civil cases. The constitutional provision relied upon has no reference to record evidence. The right reserved by the provision in question is that witnesses shall be produced and give their testimony in open court upon the trial, in presence of the defendant. See *State v. Schaunhurst*, 34 Iowa, 547.

AFFIRMED.

REED, J., dissents on the second point ruled in the opinion.