The State v. Smith.

## THE STATE v. SMITH.

1.  **Appeal**: FROM ORDER SETTING ASIDE INDICTMENT: EVIDENCE IN
    ABSTRACT.   Where a motion to set aside an indictment is based on
    a certain alleged fact, and is sustained, and the state appeals, and
    admits in its abstract that the allegation on which the motion was
    based is true, this court can review the ruling, and it is not neces-
    sary that the abstract should contain all the evidence submitted to
    the court below in support of the motion.

2.  **Criminal Law**: RIGHT TO BE CONFRONTED WITH WITNESSES: PRO-
    CEEDINGS BEFORE GRAND JURY: DOCUMENTARY EVIDENCE.   The
    constitutional right of one accused of a crime to be confronted
    with the witnesses against him does not relate to investigations by
    the grand jury, nor does it have any reference to documentary evi-
    dence in any case.   (See *State v. Matlock*, 70 Iowa, 229).

3.  ` —— : LIQUOR NUISANCE : PHARMACIST'S REPORT OF SALES AS EVI-
    DENCE AGAINST HIM.   Where a pharmacist holding a permit to sell
    intoxicating liquors is indicted for keeping a nuisance under the
    prohibitory liquor law, the indictment will not be set aside because
    the grand jury received and considered as evidence against him his
    monthly reports which the law required him to file with the
    auditor, on the ground that to use such reports against him is com-
    pelling him to testify against himself.

4.  **Indictment**: SETTING ASIDE: INSUFFICIENT EVIDENCE.   An indict-
    ment cannot be assailed upon motion on the ground that it is not
    sustained by sufficient evidence.

*Appeal from Jasper District Court.*—HON. D. RYAN,
Judge.

### FILED, JUNE 4, 1888.

THE defendant was indicted for the crime of main-
taining a nuisance by keeping a place for the unlawful
sale of intoxicating liquors.   The indictment is in the
usual and lawful form.   Upon a motion made by defend-
ant, the district court set aside the indictment.   From
this decision the state appeals.

*A. J. Baker*, Attorney General, and *A. M. Harrah*,
County Attorney, for appellant.

*Winslow & Varnum*, for appellee.

The State v. Smith.

BECK, J.—I. The motion to set aside the indictment sustained by the district court contained the following statement of the grounds upon which it was based: "The grand jury returning the indictment herein received and acted upon evidence which was illegal, in violation of the bill of rights, and contrary to the fifth amendment to the constitution of the United States; that is to say, the law authorizing registered pharmacists to sell intoxicating liquors, having a permit therefor, also requires that they shall make monthly reports to the auditor of the county of all sales made by them. Such reports are made in obedience to law, and can never be made the basis upon which to found a criminal charge; nor can such reports be offered in evidence against the person making them, upon the trial of a criminal charge against him. And the grand jury in this case, as shown by the evidence returned with the indictment, received such reports and acted upon the same, and such action was and is illegal, and the indictment based thereon is illegally found and void." The motion was sustained upon these grounds.

II. Counsel for the defendant insist that the decision of the district court must be sustained, for the reason that the abstract fails to show all the evidence submitted to the court in support of the motion, and that there was such evidence other than that found in the transcript of the record upon which the case is submitted. This is not denied by the attorney general. We do not think it necessary that all the evidence given to the court below in support of the motion should be before us, to the end that the decision complained of may be reviewed. The evidence upon which the court acted, we will presume, was pertinent to the issue presented by the motion, and was of no other character. It could not therefore have been broader than the allegations of the motion, and contained matter not contemplated therein. Whatever evidence was submitted upon the motion, in the absence of a showing in the record to the contrary,

1. APPEAL: from order setting aside indictment: evidence in abstract.

we will presume establishes the fact upon which the district court based its rulings. These facts, we will further presume, were those, and none other, alleged in the motion as grounds thereof, for the district court could not correctly have based the ruling upon any other facts. We will not presume that such a thing was done, but, on the contrary, will presume that it was not done. It is, therefore, unnecessary that there should be before us for consideration other or further evidence than is found in the abstract upon which the case is submitted to us for decision. The abstract shows that the grand jury received and considered as evidence the monthly reports referred to in the motion, and the district court held, and so ruled, that such evidence was unauthorized by law, and by reason thereof the indictment was illegally found, and thereupon it was set aside.

III. We are now required to determine whether the decision of the district court setting aside the indictment is correct. This is the only question remaining for our determination. The defendant, being a registered pharmacist holding a permit authorizing him to sell intoxicating liquors, was required by the statute to make the monthly reports referred to in the motion. These reports became records of the auditor's office. See chapter 83, sec. 2, Acts 21st Gen. Assem.; *State v. Thompson, ante,* p. 119. The permit held by defendant did not protect him from prosecution and conviction for sales of intoxicating liquors for purposes other than those authorized by law. *State v. Ward,* 36 N. W. Rep. 765.

IV. Counsel for defendant first insists that article one, section ten, of the constitution of the state, which declares that in all prosecutions for crimes the accused "shall be confronted with the witnesses against him," was violated by the admission of the evidence in question before the grand jury. But, in the first place, the evidence was not admitted in the prosecution of the crime of which defendant was charged, but before the grand jury making the charge. The provision, if bearing the construction claimed by counsel,

2. CRIMINAL law: right to be confronted with witnesses: proceedings before grand jury: documentary evidence.

The State v. Smith.

would defeat all indictments, unless the accused and the witnesses against him were "confronted" before the grand jury. Such a thing is never done, and has never been claimed as the right of the accused, and is unauthorized by law. But the objection, if made at the trial of an indictment, would not be good, for the evidence objected to is a matter of record, to which, this court has decided, the constitutional restriction in question is not applicable. *State v. Matlock*, 70 Iowa, 229.

V. Counsel for defendant maintain that, by the admission of the evidence in question before the grand jury, defendant was made to testify against himself, which is in conflict with the constitution of the United States, the statutes of this state, and the common law as recognized by all the courts of the country. It is probably settled by the decisions of the United States supreme court that the provision of the federal constitution (fifth amendment) relied upon by counsel is applicable alone to prosecutions arising under the laws of the United States. We need not pursue inquiry in that direction, but regard as correct counsel's position that defendant cannot be required to give evidence against himself, and is protected in that regard by all statute, constitutional and common-law guaranties to the fullest extent, as claimed by counsel. We are brought to inquire whether defendant was required or did become a witness against himself by the admission in evidence before the grand jury of the reports which he made in obedience to the requirements of the law. The case is this and nothing more : The defendant, in the discharge of a requirement of the law, deposited with the county auditor certain reports verified by him, which became a part of the records of the auditor's office. These were admitted in evidence before the grand jury. With their effect as evidence we have nothing to do ; no question in that direction is raised. These papers are not to be regarded as the testimony of defendant. They were written, verified and deposited with the auditor by defendant. Thereupon they became public records of

3. ——: liquor nuisance: pharmacist's report of sales as evidence against him.

the office, which are open to the inspection of all, and may be used in evidence in all cases between all parties, when competent, to establish any fact in issue for judicial determination. Because defendant may be affected by the facts they disclose—may be shown to be a violator of the law thereby—he cannot object to their competency, or claim that his rights are violated by their use in establishing the truth which may tend to convict him of crime. An officer, or another charged with the duty of making and verifying a document which becomes a public paper or a public record, cannot claim that, while it is evidence against or for all other men, he must be shielded from the effect of the truth it discloses, for the reason that he wrote or verified it, and these acts of his own tend to show he was a violator of the law. If the rule contended for by counsel be recognized, embezzlers, those who alter or falsely keep public or private accounts, those who prepare and publish as correct false and fraudulent documents, and others equally guilty, in numerous cases which can be mentioned, will all escape the condemnation which their own acts demand. So would the rule forbid the introduction in evidence of admissions and confessions, for the reports in question are to be regarded as of that character.

VI. But for another reason the motion was erroneously sustained. An indictment cannot be assailed by a motion on the ground that it was found upon incompetent or insufficient testimony. Code, secs. 4337, 4344; *State v. Tucker*, 20 Iowa, 508; *State v. Morris*, 36 Iowa, 272; *State v. Fowler*, 52 Iowa, 103. The Code, in the sections above cited, prescribes the grounds upon which an indictment may be set aside on the motion of the defendant. The insufficiency or incompetency of the evidence upon which it is found, or the fact that the rights of the accused were violated in the proceeding before the grand jury, are not causes for setting aside the indictment under the statute. This point was not made on the submission of the case for our decision. We present it here for the reason that we do not wish,

4. INDICTMENT: setting aside: insufficient evidence.

by silence, to give seeming sanction to the authority of the district court to review on motion the evidence upon which a grand jury acted.

In our opinion, the district court erred in sustaining the motion to set aside the indictment.

REVERSED.