STATE OF IOWA v. JAMES FROST, Appellant.

**Indictment.** Whether an indictment may be set aside on the ground
1  that defendant's wife testified before the grand jury, may be doubted, but it will not be set aside on that ground where it does
2  not appear from the record what she testified to, or but that she testified at the instance of defendant.

**Ruling on Motion in Arrest** will not be reviewed on appeal where
4  the grounds of motion are made to appear in argument, only.

**Shorthand Reporter.** Under Code, 227, it is within the sound legal
3  discretion of the judge in *all* criminal cases, whether or not the testimony shall be taken by the official reporter.

*Appeal from Audubon District Court.*—HON. W. R. GREEN, Judge.

SATURDAY, OCTOBER 5, 1895.

The defendant was indicted for breaking and entering a warehouse with intent to commit the crime of larceny. There was a trial by jury, verdict of guilty, and judgment on the verdict. Defendant appeals.—*Affirmed.*

*H. W. Hanna* and *J. M. Graham* for appellant.

*Milton Remley*, attorney general, for the state.

Rothrock, J.—I.   The appeal is submitted to this court upon a typewritten transcript of the indictment, with the names of the witnesses examined before the grand jury indorsed thereon.   It appears that the defendant was absent when the grand jury was impaneled and the indictment returned.   He had escaped from jail, "and fled the country."   After the indictment was returned, he was captured, and pleaded not guilty.

Afterwards he withdrew his plea, and moved to set aside the indictment.   The transcript does not show the grounds of the motion to set aside the indictment.   It is stated in argument that it was because the defendant's wife was examined as a witness before the grand jury.   It is questionable whether the fact that the wife of a party charged with a criminal offense was examined as a witness before the grand jury is a cause for setting aside or quashing the indictment.   It does not appear among the causes enumerated in section 4337 of the Code.   But, whether an attack may be made on an indictment on this ground or not, it does not appear from the record what the wife of the defendant testified to before the grand jury; and, for aught that does appear, she may have been there at the instance of the defendant.

II.   It appears from the transcript that the defendant requested the court to have the testimony of the witnesses examined on the trial taken in shorthand, and made of record.   The transcript as to this request is as follows:   "Defendant asks that the testimony be reported; and, it not satisfactorily appearing to the court that the interest of either the state or the defendant required that the testimony given in this case be taken down in shorthand by the official reporter, his services are dispensed with."   The direction to have the testimony reported by an official reporter is discretionary with the court.   In section

227 of McClain's Code it is provided that the judge shall not direct the evidence so taken to be so taken "in any criminal case, unless it shall satisfactorily appear to him that the interests of the state or defendant require the reporting of the testimony in said case." There is nothing in the case as presented to us which shows any abuse of discretion in the court's refusing to order the testimony to be officially reported. The thought of counsel that the discretion applies only to minor offenses, not triable upon indictment, involves a construction of the law which we do not think the language of the statute warrants. Its provisions are too plain for discussion.

III. It appears that, after the verdict, the defendant moved in arrest of judgment. This motion is not set out in the record. It is stated in the transcript as follows: "Defendant herein files motion in arrest of judgment, and for a new trial; and the cause is heard on said motion, and fully submitted; and the court, being advised in the premises, overrules said motion, and the defendant excepts." We cannot determine from the transcript upon what ground the defendant demanded an arrest of judgment. In the argument in behalf of defendant certain grounds are set forth, but we cannot consider them. They are no part of the record. We are controlled by the properly authenticated proceedings of the court below, and cannot accept statements of counsel as to what it contained.

We discover no other question which we think it is necessary to specially consider. The judgment of the district court is *affirmed*.