STATE OF IOWA, Appellant, v. HARRY C. DE GROATE.

Indictment: SETTING ASIDE. An indictment should not be set aside simply because the wife of defendant was a witness before the grand jury.

*Appeal from Dallas District Court.*—HON. JAMES D. GAMBLE, Judge.

TUESDAY, FEBRUARY 9, 1904.

An indictment was returned, charging the defendant with the crime of assault with intent to murder. He filed

a motion to set it aside for the reason that it was found, in whole or in part, upon the testimony of his wife. The motion was sustained, and the defendant was discharged. state appeals.—*Reversed.*

*Chas. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

No appearance for appellee.

SHERWIN, J.—The defendant's wife was a witness against him before the grand jury, and because of this fact the trial court set the indictment aside. There was ample evidence to justify the finding of the indictment, aside from the testimony of the wife, and the sole question for our determination is whether the trial court correctly ruled on the motion. We think there are two sufficient reasons for holding that it did not: In the first place, section 5319 of the Code enumerates the causes for which an indictment may be set aside, and we have repeatedly held that they are exclusive of all others. *State of Iowa v. Baughman,* 111 Iowa, 71; *State v. Easton,* 113 Iowa, 516; *State v. Phillips,* 118 Iowa, 660; *State v. Smith,* 74 Iowa, 580; *State v. Tucker,* 20 Iowa, 508. Again, while it is the general rule that an indictment must be founded on legal evidence, it is also the general rule that the incompetency of one of several witnesses will not sustain a motion to quash the indictment, "since it cannot be shown what weight, if any, the testimony of this one had with the grand jury." The trial and proceedings in the grand jury room are always *ex parte,* unless the grand jury shall see fit to make them otherwise; and the law does not contemplate a strictly judicial trial before that body, and, indeed, it would be impossible to conduct their investigations of crime along such lines. The jurors are drawn from the body of the county, and are usually without special experience in the work they are called upon to do in the jury room. As was said in *State v. Tucker, supra:* "Whether witnesses are competent is often a very difficult question of law, and to hold that if the grand jury, in the course of their investigation,

happen to examine an incompetent witness, that this will have the effect to vitiate their finding, is going a step further than we are prepared to take." We still think this position sound, for, if it be held that every indictment not founded entirely on legal and competent evidence is bad it necessarily follows that in all cases where the witnesses are incompetent, and in all cases where an essential link in the testimony is sustained by incompetent testimony, the indictment must be quashed. The general rule seems to be "that the court cannot inquire into the sufficiency of the proof, or the mode of examining the witnesses, to invalidate the indictment." Bishop on Criminal Procedure, section 872; *Stewart v. State,* 24 Ind. 142; *Creek v. State,* 24 Ind. 151; *United States v. Reed,* 2. Blatchf. 435, Fed. Cas. No. 16,134; *State v. Burlingham,* 15 Me. 104. And see *State v. Fowler,* 52 Iowa, 103.

The record, as amended, shows a judgment of dismissal, and the motion to dismiss the appeal is overruled. The judgment is reversed, and the case remanded.—REVERSED.