STATE OF IOWA, Appellant, v. BERNARD BOUCHER, Appellee.

No. 46778.

JULY 29, 1946.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, and George O. Hurley, County Attorney, for appellant.

White & White and Bennett Cullison, all of Harlan, for appellee.

WENNERSTRUM, J.—The defendant, Bernard Boucher, was indicted on February 28, 1945, by the grand jury of Shelby County, Iowa. The indictment charged him with the crime of rape as defined by section [698.1 of the 1946 Code] 12966 of the 1939 Code of Iowa. It was alleged that the crime was committed on the prosecuting witness on September 28, 1943. The defendant, on March 2, 1945, entered a plea of not guilty. On March 5, 1945, the defendant filed a motion for a bill of particulars, which was denied and overruled by the court on April 2, 1945. On this last-mentioned date the defendant filed a motion to set aside the indictment. On April 3, 1945, the court sustained this motion and an order was then entered

setting aside the indictment. The State of Iowa has appealed from the last-referred-to ruling and order.

In the motion for a bill of particulars, and also in the motion to set aside the indictment, it is contended that the minutes of the testimony of the witnesses who appeared before the grand jury do not disclose any evidence which would corroborate the testimony of the prosecuting witness as a matter of law. Section 782.4 of the 1946 Code of Iowa (section 13900 of the 1939 Code of Iowa).

The State of Iowa, as appellant, states in its brief and argument that the sole question presented to this court on this appeal is, May a court set aside an indictment that charges a crime which requires corroboration because the minutes of testimony attached to the indictment do not contain testimony which would, as a matter of law, corroborate the testimony of the prosecutrix as attached to the indictment? The appellee, Bernard Boucher, is in agreement that the question as heretofore stated is the only one presented for our consideration.

We do not deem it necessary to set out in detail the testimony of the prosecutrix and of the several other witnesses as incorporated in the minutes attached to the indictment. We shall, in the main, discuss only the legal proposition presented and as heretofore set forth.

I. The authorities, generally, hold that an indictment should not be quashed or dismissed because of insufficiency of evidence. In 27 Am. Jur. 718, section 170, it is stated:

"Weight and Sufficiency of Evidence before Grand Jury. While an indictment may be quashed for want of any evidence supporting its charges, according to the great weight of authority the mere insufficiency of the evidence before a grand jury is not a ground for quashing an indictment; where there is some evidence before the grand jury tending to support the charge, the court will not, on motion to quash an indictment or on a plea to the indictment, inquire into the sufficiency of such evidence, especially where it is the right or duty of the grand jury to act on the knowledge of its own members, since the courts indulge in the prima facie presumption that the indictment was found on sufficient evidence."

In 42 C. J. S. 1194, section 209, the following statement is found:

"On a motion to quash an indictment the court ordinarily will not review the character of the evidence on which the indictment was found and will not quash the indictment for mere insufficiency of evidence before the grand jury."

For a summarization of annotation of cases bearing upon the statements previously quoted, see 31 A. L. R. 1479; 59 A. L. R. 573, 579.

The prior holdings of this court support the general rule heretofore set forth. In State v. Smith, 74 Iowa 580, 584, 38 N. W. 492, 494, this court stated:

"But for another reason the motion was erroneously sustained. An indictment cannot be assailed by a motion on the ground that it was found upon incompetent or insufficient testimony. Code, secs. 4337, 4344; State v. Tucker, 20 Iowa, 508; State v. Morris, 36 Iowa, 272; State v. Fowler, 52 Iowa, 103. The Code, in the sections above cited, prescribes the grounds upon which an indictment may be set aside on the motion of the defendant. The insufficiency or incompetency of the evidence upon which it is found, or the fact that the rights of the accused were violated in the proceeding before the grand jury, are not causes for setting aside the indictment under the statute. This point was not made on the submission of the case for our decision. We present it here for the reason that we do not wish, by silence, to give seeming sanction to the authority of the district court to review on motion the evidence upon which a grand jury acted."

II. The consideration of certain statutory enactments is necessary in our study of the legal proposition presented on this appeal. Section 776.1, 1946 Code (section 13781, 1939 Code), is as follows:

"Grounds for setting aside indictment. The motion to set aside the indictment can be made, before a plea is entered by the defendant, on one or more of the following grounds, and must be sustained:

"1. When it is not indorsed 'a true bill' and the indorsement signed by the foreman of the grand jury as prescribed by this code.

"2. When the names of all witnesses examined before the grand jury are not indorsed thereon.

"3. When the minutes of the evidence of the witnesses examined before the grand jury are not returned therewith.

"4. When it has not been presented and marked 'filed' as prescribed by this code.

"5. When any person other than the grand jurors was present before the grand jury when the question was taken upon the finding of the indictment.

"6. When any person other than the grand jurors was present before the grand jury during the investigation of the charge, except as required or permitted by law.

"7. That the grand jury were not selected, drawn, summoned, impaneled, or sworn as prescribed by law, except as hereinafter provided."

Section 773.5 of the 1946 Code (section 13732.04 of the 1939 Code), sets forth the circumstances and conditions which will justify and authorize the court to order a county attorney to furnish a defendant charged with a crime with a bill of particulars wherein may be set forth a fact which the court may deem necessary to be furnished the defendant as an aid in preparing his defense.

Section 773.6 of the 1946 Code (section 13732.05 of the 1939 Code), is as follows:

"Setting aside indictment. If it appears from the bill of particulars furnished under section 773.5 [13732.04, Code, 1939] that the particulars stated do not constitute the offense charged in the indictment, or that the defendant did not commit that offense, or that a prosecution for that offense is barred by the statute of limitations, the court may and on motion of defendant shall set aside the indictment unless the county attorney shall furnish another bill of particulars which so states the particulars as to show that the particulars constitute the offense charged in the indictment and that the offense

was committed by the defendant and that it is not barred by the statute of limitations.''

It will be observed that the first-referred-to Code section gives the grounds for setting aside an indictment where a bill of particulars has not been asked by the defendant. The last-referred-to section sets out additional grounds for setting aside an indictment when a bill of particulars has been furnished. In neither of the sections set forth is insufficiency of evidence set out as a ground for setting aside an indictment.

The grounds for setting aside an indictment set out in the several Code sections are the exclusive grounds upon which the court can so act. In State v. Baughman, 111 Iowa 71, 72, 82 N. W. 452, 453, we said:

''* * * the defendant moved to set aside the indictment because a member of the grand jury returning it had previously formed and expressed an unqualified opinion of his guilt. This, a cause for challenge by one held to answer (section 5243, Code), is not recognized by the statute as a sufficient reason for setting aside an indictment. Section 5319 of the Code enumerates five grounds, numbering them, on one or more of which the motion to set aside must be sustained.''

It is also stated in State v. De Groate, 122 Iowa 661, 662, 98 N. W. 495, 496, as follows:

''The defendant's wife was a witness against him before the grand jury, and because of this fact the trial court set the indictment aside. There was ample evidence to justify the finding of the indictment, aside from the testimony of the wife, and the sole question for our determination is whether the trial court correctly ruled on the motion. We think there are two sufficient reasons for holding that it did not * * * section 5319 of the Code enumerates the causes for which an indictment may be set aside, and we have repeatedly held that they are exclusive of all others. State of Iowa v. Baughman, 111 Iowa 71; State v. Easton, 113 Iowa, 516; State v. Phillips, 118 Iowa, 660; State v. Smith, 74 Iowa, 580; State v. Tucker, 20 Iowa 508.''

In State v. Manley, 197 Iowa 46, 48, 196 N. W. 724, 725, we also said:

"* * * this court has for many years adhered to the rule that an indictment can be set aside only on grounds enumerated in the statute. State v. Tucker, 20 Iowa 508; State v. Morris, 36 Iowa 272; State v. Smith, 74 Iowa 580; State v. Frost, 95 Iowa 448; State v. De Groate, 122 Iowa 661. See, also, United States v. Cutler, 5 Utah 608 (19 Pac. 145). The fact that the grand jury received incompetent evidence, or even acted on insufficient evidence, is not one of the grounds for setting it aside, found in the statute. Code Section 5319."

■ III. The summarization of the proceeding heretofore set out discloses that the motion to set aside the indictment was made after a plea of not guilty had been entered and after a motion for a bill of particulars had been denied and overruled. The filing of the motion to set aside the indictment was not timely made and this is a further reason for our holding that the court was in error in setting aside the indictment. This conclusion is supported by our holding in State v. Tyler, 122 Iowa 125, 130, 97 N. W. 983, 985, where we stated:

"There was no error in overruling the motion to set aside the indictment. The defendant attempted to renew the motion after the state had introduced its evidence and rested. It is enough to say that such a motion cannot be entertained *after the plea has been entered* by defendant. Section 5319, Code." (Italics supplied.)

■ IV. It is the contention of the appellee and it was the basis of the ruling of the court that under the provisions of Code sections 773.5 and 773.6 of the 1946 Code (sections 13732.04 and 13732.05 of the 1939 Code), the court was authorized and empowered to set aside an indictment if the minutes of testimony attached to the indictment did not disclose. corroborative evidence as required by the Code section to which reference has been previously made. The setting aside of an indictment under Code section 773.6, 1946 Code (section 13732.05 of the 1939 Code), is authorized, "If it appears from the bill of particulars furnished under section 773.5 [13732.04]

that the particulars stated do not constitute the offense charged in the indictment * * *.'' It will be observed that a dismissal under this last-referred-to section is authorized when a bill of particulars has been furnished. In the proceedings previously set forth it is shown that appellee's motion for a bill of particulars had been denied and overruled, and consequently, where no bill of particulars had been ordered and furnished, a motion to dismiss under Code section 773.6 is in no way justified.

It is the further contention of the appellee that the authorities cited by the State, and to which we have, in part, made mention, have no application inasmuch as they were announced prior to the enactment of the statute relative to a bill of particulars. This contention is not sound, as it applies to the instant case, inasmuch as it has been previously stated no bill of particulars was ordered or furnished.

██ V. There is a further reason why the indictment should not have been dismissed upon the record as made. A witness may be interrogated upon the trial of a criminal case concerning material matters not disclosed by the minutes of the witnesses' testimony attached to the indictment. State v. Perkins, 143 Iowa 55, 120 N. W. 62, 21 L. R. A., N. S., 931, 20 Ann. Cas. 1217; State v. Thom, 236 Iowa 129, 17 N. W. 2d 96. It is possible that additional testimony might be presented at the trial that would deal with the corroboration of the prosecuting witness. The State is not limited to the evidence incorporated in the minutes of the testimony attached to the indictment. State v. Bowers, 17 Iowa 46, 50; State v. Ostrander, 18 Iowa 435, 456; State v. Harlan, 98 Iowa 458, 460, 67 N. W. 381. The State is not limited to the witnesses who appeared before the grand jury but can introduce the testimony of additional witnesses by following certain statutory procedure. Sections 780.10–780.13, 1946 Code (sections 13851–13854, 1939 Code).

For the several reasons heretofore set forth we have reached the conclusion that the court was in error in sustaining the motion to dismiss the indictment and this case is reversed.—Reversed.

All JUSTICES concur.