STATE OF IOWA, Appellant, v. GERALD LAMB, Appellee.

No. 47112.

(Reported in 30 N. W. 2d 734)

Robert L. Larson, Attorney General, Don Hise, First Assistant Attorney General, and J. N. Diehl, County Attorney, for appellant.

Hammer & Guessford, of Newton, for appellee.

HAYS, J.—Defendant, Gerald Lamb, was indicted by the grand jury of Jasper County, Iowa, for the crime of bootlegging in violation of section 125.7, Code, 1946. April 21, 1947, defendant, appearing in person and by his attorneys, entered a plea of not guilty. May 28, 1947, defendant filed his "Motion to Quash Indictment and to Dismiss Case." On said date the motion to quash was sustained. On June 2, 1947, the trial court ordered that the defendant be held under the same bail bond and the cause submitted to the next grand jury. The State appeals from above orders. Defendant has not filed a brief and argument on this appeal.

Appellant assigns but one error which is:

"The trial court erred in granting the motion to set aside the indictment charging bootlegging, on any of the grounds as stated in defendant's motion to quash the indictment and dismiss the case."

As stated by appellant in its brief, the sole question raised on this appeal is:

"May a trial court set aside an indictment that charges a crime because neither the minutes attached to the indictment nor an agreed statement of facts, used solely in connection with a motion to quash the indictment, are sufficient to warrant a conviction of the defendant?"

At the outset we desire to say that the proceedings and particularly the procedure adopted by the parties concerned are not to be commended or encouraged.

The indictment was regular in form. Attached to the indictment were the signed statements of four witnesses. One is the police officer to whom a bottle of liquor was given by the county attorney who received it from one Art Risse. The other witnesses, including Risse, tell about the same story. The three called defendant, a taxi driver, to take them to a club near Newton. They asked the driver, defendant, to get them some liquor which he did. He delivered it to them and they paid him for it. They kept the bottle of liquor until later in the evening when Risse produced it at the police station. Defendant when arraigned entered a plea of not guilty and the case was assigned for trial.

Thereafter defendant filed his motion to quash and dismiss. In connection with this motion there was filed a "stipulation of fact" entered into by the county attorney and attorneys for defendant, which stipulation was for the sole purpose of the motion. The stipulation sets forth the facts above stated in the minutes of testimony attached to the indictment, the defendant admitting the sale as set forth. In addition, it is agreed that the three witnesses present at the sale, in conjunction with another, agreed to make the purchase for the sole purpose of having the defendant prosecuted. There had been trouble between defendant and the father of the fourth person involved; and the father, another taxi driver, furnished the money for the purchase. It was further stipulated that the testimony of the three boys (witnesses before the grand jury) is the only testimony to prove any issue of an unlawful act on defendant's part.

The motion, in substance, sets forth the following grounds:
(1) That under the stipulation, the three witnesses are acces-

sories and there is no corroborating evidence. (2) The defendant is not guilty of a crime, as it appears there was an entrapment and not a willful violation of the law.

So far as the record shows, no specific reasons were given by the trial court for its order. There was simply the record statement that "* * * the court having examined the record and heard the arguments of the attorneys, sustains the motion to quash the indictment and the State excepts." While the appeal is also from the order of June 2d, resubmitting the case to the next grand jury, that question is not argued and we do not consider it.

It will be noted that the question argued here is a very limited one. It assumes that the facts set forth in minutes of testimony are not sufficient to warrant a conviction, nor are the facts set forth in the stipulation.

Section 776.1, Code, 1946, entitled "Grounds for setting aside indictment" provides:

"The motion * * * can be made, before a plea is entered by the defendant, on one or more of the following grounds, and must be sustained:

"1. When it is not indorsed 'a true bill' and the indorsement signed by the foreman of the grand jury as prescribed by this code.

"2. When the names of all witnesses examined before the grand jury are not indorsed thereon.

"3. When the minutes of the evidence of the witnesses examined before the grand jury are not returned therewith.

"4. When it has not been presented and marked 'filed' as prescribed by this code.

"5. When any person other than the grand jurors was present before the grand jury when the question was taken upon the finding of the indictment.

"6. When any person other than the grand jurors was present before the grand jury during the investigation of the charge, except as required or permitted by law.

"7. That the grand jury were not selected, drawn, summoned, impaneled, or sworn as prescribed by law, except as hereinafter provided."

■ In presenting a motion under section 776.1, matters not appearing on the face of the indictment, but included in one or more of the grounds set forth therein, may be shown by extrinsic evidence. However, an examination of the stipulation of facts herein shows, without question, that none of the grounds set forth in said section is raised therein. We have repeatedly held that an indictment can be set aside only on grounds enumerated in the statute. See State v. Boucher, 237 Iowa 772, 23 N. W. 2d 851, and authorities therein cited. Under no conceivable theory is the stipulation of fact in this case proper or competent in a hearing on a motion to quash. While it was agreed to upon the part of the State, this fact does not enlarge the terms of the statute nor increase the authority of the trial court, which exists only by virtue of, and in accordance with, the terms of the statute.

■ The error assigned on appeal further assumes that the minutes attached to the indictment are insufficient to warrant a conviction. We do not accept this assumption. If the testimony as set forth in the attached minutes of evidence was presented on the trial, with nothing more, no court would be justified in directing a verdict for insufficiency of the evidence. Furthermore, accepting this assumption of the State, still the question thus raised is not one of the grounds set forth in section 776.1. It raises no question other than the sufficiency of the evidence. See State v. Boucher, supra.

■ If this so-called "motion to quash indictment" be considered as a demurrer under section 777.2, there is still nothing before the court warranting the sustaining thereof. The claim in the motion is that the facts show an "entrapment of the defendant and an involuntary inducement to violate the law" which constitutes a legal defense or a bar to the prosecution. Even assuming this to be true, still the facts showing such "defense or bar" appear only from the stipulation and not from the indictment. Section 777.2 provides that:

"The defendant may demur to the indictment when it *appears upon its face,* either:
"1. * * * or
"2. That the indictment contains matter which, if true,

would constitute a legal defense or bar to the prosecution." (Italics supplied.)

■ The State urges in connection with the assigned error that any motion to set aside an indictment must be made before a plea is entered. In the instant case, so far as the record shows, the plea of not guilty was still of record at the time the motion was filed. While we question if, under the narrow question raised by the State on this appeal, this question is involved, still in answer thereto we cite section 776.1, supra; State v. Boucher, supra; State v. Stafford, 237 Iowa 780, 23 N. W. 2d 832.

For the reasons above set forth the trial court erred in sustaining said motion and the case is reversed.—Reversed.

MULRONEY, C. J., and OLIVER, BLISS, HALE, GARFIELD, MANTZ, and SMITH, JJ., concur.