STATE OF IOWA, appellant, v. NORRIS FRANK YOUNGBLUT, appellee.

No. 51474.

(Reported in 132 N.W.2d 486)

JANUARY 12, 1965.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and William C. Ball, Black Hawk County Attorney, for appellant.

Frederick G. White, of Waterloo, for appellee.

PETERSON, J.—On September 3, 1963, the Grand Jury of Black Hawk County, Iowa, voted and filed the following indictment against defendant:

"The Grand Jurors of the County of Black Hawk in the name and by the authority of the State of Iowa accuse NORRIS FRANK YOUNGBLUT of the crime of MANSLAUGHTER and charge that the said NORRIS FRANK YOUNGBLUT in the county and state aforesaid did unlawfully operate a motor vehicle upon a public highway in such a wanton and reckless manner in disregard for the safety of other persons, so as to kill one Meta E. Rollfs, contrary to and in violation of section 690.10 of the 1962 Code of the State of Iowa."

Defendant filed demurrer to such indictment, which was sustained. Plaintiff, State of Iowa, appealed.

Insofar as defendant seeks to uphold the ruling on the demurrer he contends the words of the indictment, as limited and defined by the minutes of testimony attached thereto, fail to charge a crime in that they do not state decedent's death was caused by an unlawful act of defendant because the testimony

does not show contact between the vehicles driven by defendant and decedent. This was the trial court's theory in sustaining the demurrer.

I. We may observe the contention is not a statutory ground for demurrer to the indictment. Such grounds are when it appears *on the face of the indictment*:

"1. That it does not substantially conform to the requirements of this Code, or

"2. That the indictment contains matter which, if true, would constitute a legal defense or bar to the prosecution." Section 777.2, Code, 1962.

■■ We have repeatedly held an indictment may be set aside only on grounds stated in the statute. Claimed insufficiency of the minutes of testimony attached to the indictment is not such a ground. It raises the question of the sufficiency of the evidence, not the sufficiency of the indictment. State v. Boucher, 237 Iowa 772, 23 N.W.2d 851, and citations; State v. Lamb, 239 Iowa 176, 180, 30 N.W.2d 734, 736. See also annotations, 31 A. L. R. 1479; 59 A. L. R. 567, 573, 579.

However, the State has not assigned as error the impropriety of limiting the indictment by the minutes attached thereto. Therefore we do not reverse on this ground. We will assume without so holding, as the parties and trial court seem to have done, that claimed insufficiency of the minutes of testimony attached to the indictment may be raised by demurrer to the indictment.

■ II. We think it was error to rule that the minutes of testimony attached to the indictment do not show decedent's death was caused by an unlawful act of defendant. We will refer to enough of the minutes to support our holding.

On July 5, 1963, at approximately 3:30 p.m., the defendant, Norris Frank Youngblut, driving a 1963 red Chevrolet, and one Gerald Stubenrauch, driving a 1962 blue Chevrolet, were driving side by side at a speed of between 60 and 80 miles per hour on Broadway in the city of Waterloo.

At the intersection of Broadway and Riehl Streets a 1951 Nash in which Meta Elizabeth Rollfs was a passenger approached from the opposite direction. The driver of the Nash was attempt-

ing to complete a left turn onto Riehl Street. As the two racing cars approached the intersection their brakes were applied. Defendant's car swerved quickly to the left and missed the Nash automobile. The car driven by Stubenrauch struck the Nash broadside, spinning it into and knocking down a traffic light. It appears the streetlight was turning red just as the two cars entered the intersection. Meta E. Rollfs, riding in the Nash automobile, died as a result of the collision.

III. A defendant may be found guilty of manslaughter by entering into an agreement to conduct an automobile race on a city street and doing so in a reckless manner, with wanton disregard for the safety of others, from which the death of another results. People v. Kemp, 150 Cal. App.2d 654, 310 P.2d 680; State v. DiLorenzo, 138 Conn. 281, 83 A.2d 479; Regina v. Swindall, 2 C. & K. 230; State v. McLaughlin, 250 Iowa 435, 94 N.W.2d 303; Jones v. Commonwealth, 247 S.W.2d 517 (Ky. 1952); State v. Fennewald, 339 S.W.2d 769 (Mo. 1960); People v. Farley, 252 App. Div. 811, 298 N. Y. S. 876, affirmed 277 N. Y. 617, 14 N.E.2d 190; State v. Newberg, 129 Ore. 564, 278 P. 568, 63 A. L. R. 1225; State v. McVay, 47 R. I. 292, 132 A. 436, 44 A. L. R. 572.

In the case of State v. McLaughlin, 250 Iowa 435, 440, 442, 94 N.W.2d 303, 307, this court affirmed the manslaughter conviction of one whose operation of an automobile was so reckless as to result in the death of another. In the decision we said: "It is true that we have said unlawful speed alone does not make a case of manslaughter, even though a death results therefrom. * * * But if added to it there is conduct from which it may be inferred that the defendant was utterly careless, and recklessly disregarded the rights of others upon the highway, then a jury issue is engendered and a verdict of manslaughter is permissible. * * * Nor does the fact that when he first observed the stop sign he applied his brakes absolve him. One who, by his recklessness, has created a hazard which he should have foreseen and guarded against is not exonerated from the charge of gross indifference to the safety of others by a futile last-minute effort to retrieve the situation and avoid the danger and injury. Such an attempt may have some bearing upon the degree of the indifference, but it is not an absolute clearing of the slate."

In the California case of People v. Kemp, 150 Cal. App.2d 654, 659, 310 P.2d 680, 683, we find a situation somewhat identical to the case at bar. The court said: "The evidence here strongly indicates that Kemp and Coffin were inciting and encouraging one another to drive at a fast and reckless rate of speed on a residence street and as they closely approached a blind intersection. It was by the merest chance that Kemp was able to avoid hitting the other car, and that Coffin was not. Only the matter of a split second and a few inches made the difference. They were both violating several laws, the acts of both led directly to and were a proximate cause of the result, and the fact that the appellant happened to narrowly escape the actual collision is not the controlling element. The evidence is sufficient to show that they were not acting independently of each other, and that they were jointly engaged in a series of acts which led directly to the collision. The language of section 192 of the Penal Code is broad enough to impose criminal liability in this situation and the evidence, with the reasonable inferences therefrom, is sufficient to show that the homicide was a proximate result of the commission of an unlawful act or acts on the part of the appellant, within the meaning of that section."

In the Missouri case of State v. Fennewald, 339 S.W.2d 769, 773, the court said: "Our conclusion is that under the evidence herein, considered most favorably to the State as it must be, defendant could properly be found guilty of manslaughter by reason of entering into an agreement to conduct an automobile race on a city street and doing so in a reckless manner, with wanton disregard for the safety of others, from which the death of Miles resulted. Although he did not intend to take life he did intend that the two automobiles should be raced on a city street, which reasonably meant to drive them at the highest speed they could attain, and far in excess of lawful speed. Doing so under these circumstances was negligence of such a character that criminal intention could be presumed."

It was error to sustain the demurrer to the indictment. With instructions to overrule the demurrer and for further proceedings according to law, the case is—Reversed and remanded.

All JUSTICES concur except THORNTON, J., who takes no part.