STATE of Iowa, Appellee,

v.

David SALTER, Appellant.

No. 53139.

Supreme Court of Iowa.

Nov. 12, 1968.

Life, Davis & Life, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., and William A. Claerhout, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

This is the aftermath of a long day and night of vodka drinking, glue sniffing and other related activities during which both the prosecuting witness and defendant admit they had sexual intercourse. Defendant insists it was, to say the least, with her consent. She contends it was accomplished by force. The jury accepted her version and convicted defendant of the crime of rape in violation of section 698.1, Code of Iowa, 1966. He was sentenced to a term of ten years in the penitentiary and appeals from that judgment. We affirm the trial court.

Defendant asserts the following four errors upon which he relies here:

(1) Error in admitting the testimony of Dr. Meservey, a pathologist, concerning

the results of certain tests made shortly after the alleged offense;

(2) Error in permitting the prosecuting witness to testify contrary to the original minutes of her testimony before the grand jury;

(3) Error in overruling his demurrer and his motion in arrest of judgment, both based on the insufficiency of the indictment; and

(4) Error in permitting certain police officers to testify beyond the scope of the bill of particulars filed by the State.

I. The first assignment of error concerns the testimony of Dr. Meservey, a pathologist. Dr. Sidney A. Smith had first testified he performed a pelvic and vaginal examination upon the prosecuting witness at 11:00 or 11:30 the night of the offense and had obtained from the vaginal vault a thick, tenacious material which was then placed in a test tube and delivered, along with other items, to Deputy Sheriff Dick Cline. This is the substance upon which the disputed tests were made.

The record shows the tests were made at Dr. Meservey's pathology laboratory in Des Moines; that the actual testing was by one of seven trained and registered medical technologists employed by him; that the tests were conducted under his supervision and control but that he did not participate in them personally; that the preliminary reports of the tests were submitted to him, examined by him, and after discussion with the technologist, a final report was prepared and signed.

Proper objections were interposed to the doctor's testimony as being hearsay and as being without proper foundation. The hearsay objection is bottomed on the fact that the witness did not himself take part in the testing and bases his opinion on the result of someone else's observations. The objection as to foundation asserts a failure to identify the person who made the test and the date upon which it was made or to describe the procedure followed.

Defendant relies almost entirely upon our recent decisions in Lessenhop v. Norton, Iowa, 153 N.W.2d 107, and State v. Charlson, Iowa, 154 N.W.2d 829. We do not believe those cases control here; nor do we find any conflict between them and our conclusion here.

State v. Charlson involved a criminal prosecution for operating a motor vehicle while intoxicated and applied a specific statute to that situation. Section 321B.4, Code of Iowa. We are not concerned with that statute here. Lessenhop v. Norton involved the withdrawal of blood from the body of a deceased motor vehicle accident victim under factual circumstances entirely dissimilar from those which exist here. Furthermore as we will mention later, the Lessenhop decision actually is authority for the admission of the doctor's testimony under the circumstances existing here.

The only matters which defendant argues to us concerning the foundation are the three objections heretofore set out —failure to name the technologist, to state the date of the test, or to describe the procedure used. We know of no requirement that the specific date upon which a test was run be given in the absence of a request therefor. The doctor's testimony shows that the substance tested was received in his office the day after the commission of the crime. He was not asked when the test was made. Unless the date is of material importance to the results of the test we find no error here. There is no such claim in this case. Defendant also objects the procedure followed in making the analysis was not described. We disagree. We find sufficient description of the procedure set out in Dr. Meservey's testimony to meet any reasonable requirement of proper foundation. Defendant also objects the person who made the test was not identified. There are two possible answers to this objection. First, the technologist was described as a person in the doctor's employ. In response to a specific question he stated he knew the name of such person. Defendant dropped that line

of questioning and did not ask any further identification. Under these circumstances we do not think that the name of the technologist would have added anything to his identity as a person properly qualified and as one in the employ of the witness in his laboratory. The second answer is that the admissibility of the opinion does not necessarily depend upon the identity of the one who made the test. This requirement may be satisfied if the person under whose supervision it was made and who is responsible for its results is identified and is available for cross-examination. In the case now before us that was Dr. Meservey. This was the holding in Lessenhop v. Norton, supra, at page 112 of 153 N.W.2d where we said, " * * * that the identity of the person or persons [under] whose supervision the tests were conducted be established." The evidence here is undisputed that the tests were made under the supervision and control of Dr. Meservey.

As to the hearsay portion of the objection to the doctor's testimony, we believe the law to be well established that an expert need not personally conduct all tests nor be personally familiar with all procedures before being qualified to testify concerning the results. In Ver Steegh v. Flaugh, 251 Iowa 1011, 1017, 1019, 103 N. W.2d 718, 722, we held an expert could testify to the results of certain tests run by other persons without producing the individuals employed in the laboratory who had actually made the tests. There, as here, the witness challenged was the person under whose supervision the tests had been made. We held his testimony to be properly admissible. We there quoted with approval from Chicago Cosmetic Company v. City of Chicago, 374 Ill. 384, 392, 29 N. E.2d 495, 499, where the Illinois court said, "The appellant insists that the head of the testing laboratory should not have been allowed to testify to this fact [that certain substances used in the manufacture of cosmetics are not only inflammable but some are explosive]. * * * This witness testified fully as to his qualifications and experience, and it was proper for him to state the result of the analyses made at the laboratory, by him, *or under his supervision.*" (Emphasis added.)

A similar result was reached in Birdsell v. U. S., C.A. 5 Cir., 346 F.2d 775, 779, where it was held a doctor could testify using records which had been compiled by hospital authorities and other doctors without calling every person who made a recorded observation. The court said, "With the increased division of labor in modern medicine, the physician making a diagnosis must necessarily rely on many observations and tests performed by others and recorded by them; records sufficient for diagnosis in the hospital ought to be enough for opinion testimony in the courtroom." See also State v. Sweat, 78 N. Mex. 512, 433 P.2d 229, 231. There is no merit in the hearsay objection to Dr. Meservey's testimony.

We might dispose of this question on another and easier ground also. The entire effect of the doctor's opinion was simply to state the complainant had had sexual intercourse sometime in the 12-hour period before Dr. Smith's examination, a fact which both principals admitted. Their only quarrel was as to the time and circumstances. Defendant says it was in the afternoon and was with consent; prosecuting witness says it was at night and by force. The doctor's testimony corroborates either version and disputes the testimony of neither. Even if the testimony should not have been admitted, it would nevertheless be non-prejudicial since it merely confirmed a fact which was already in evidence without dispute by either party. State v. Graves, 192 Iowa 623, 625, 185 N. W. 78; Ver Steegh v. Flaugh, supra, 251 Iowa 1020, 103 N.W.2d 718, 723, and citations; State v. Shephard, 255 Iowa 1218, 1229, 124 N.W.2d 712, 719.

We find no abuse of discretion in the admission of the doctor's testimony.

II. Defendant asserts error in the trial court's refusal to strike the State's

notice of additional testimony and in permitting the prosecuting witness to testify to matters not contained in the original minutes attached to the indictment. In the original minutes, the prosecuting witness claimed defendant had assaulted her with intent to commit rape, but she did not say rape had been accomplished. One week prior to trial notice of additional testimony was filed and served on the defendant, as provided in section 780.10, Code. The notice of additional testimony contained this statement:

"Shirley Haskell will testify, in addition to the testimony shown attached to the indictment, that on the evening of August 9, 1967 the defendant David Salter did commit rape upon me * * * and at the time of said doing he threatened my life. I will further testify * * * that I was in fear of my life and that all acts and conduct performed by me were done under such fear."

This testimony, of course, varied substantially from that contained in the minutes attached to the indictment. However, we see no error in the trial court's ruling. The State was entitled to file additional minutes and to have her testify to this modified version. Indeed it is quite possible she could have done so without the filing of additional minutes since we have frequently held a witness whose name is endorsed on the indictment, and minutes of whose testimony are filed, is not limited to those minutes in his actual testimony. State v. Powell, 237 Iowa 1227, 1249, 24 N.W.2d 769, 782; State v. Miller, 259 Iowa 188, 196, 142 N.W.2d 394, 399 and citations.

Certainly by timely filing of minutes of additional testimony, the State followed the safer, better, and fairer practice since this court has been far from unanimous on the propriety of doing so without notice to defendant since the early case of State v. Bowers, 17 Iowa 46, 50, 51. That this difference has not yet been resolved, see the dissenting opinion in State v. Miller, supra. Under the procedure here, there can be no

objection to permitting the prosecuting witness to testify to the additional matters set out.

We find no merit to this assignment of error.

■ III. The third error attacks the indictment itself as being insufficient. Defendant demurred to the indictment and his demurrer was overruled. He raised the same question in his motion in arrest of judgment after an adverse jury verdict. Defendant cites sections 771.16 and 777.2, Code of Iowa, 1966, as authority. He refers to no cases either from this court or other jurisdictions. He complains that the original minutes attached to the indictment did not charge rape but only assault with intent to commit rape. We have already discussed this in Division II hereof.

■ We have frequently held the minutes are not part of the indictment and any insufficiency therein will not serve as grounds for demurrer to the indictment. State v. Youngblut, 257 Iowa 343, 345, 132 N.W.2d 486, 487, and citations; State v. Di Paglia, 247 Iowa 79, 84, 71 N.W.2d 601, 603, 49 A.L.R.2d 1223. The indictment itself charged defendant with rape. This is sufficient, and the demurrer was properly overruled. We reach the same conclusion as to the motion in arrest of judgment.

■ IV. We come to the final assignment of error which states certain police officers were improperly permitted to testify beyond the scope of the bill of particulars.

■ Section 773.6, Code of Iowa, permits a defendant to request additional information by way of bill of particulars if the indictment and minutes do not furnish sufficient details to permit him to prepare a defense. The granting of such motion is within the sound discretion of the trial court and will not be disturbed except upon an abuse thereof. State v. Shephard, 255 Iowa 1218, 1230, 124 N.W.2d 712, 719. If the motion is granted, the State may not

thereafter go beyond its provisions and prove matters contrary thereto. State v. White, Iowa, 151 N.W.2d 552, 555, and citations.

We find no violation of either the statute or the rules announced in State v. White. The motion for bill of particulars is not set out, either in the record or the clerk's transcript, which has been certified to us. We do not know what it asked. However, we do have the court's ruling thereon, which provided as follows:

"* * * It is the court's conclusion that the defendant is entitled to particulars as to a portion of the matters to which reference is made in said motion.

"It is therefore ordered by the court that the State shall file herein * * * a bill of particulars containing the following information:

"(1) The approximate time the defendant and Shirley Haskell were seen by Charles E. McCain; the conduct of the parties and statements made at said time and as to whether said statement was reduced to writing or otherwise as observed or heard by Charles E. McCain.

"(2) The statements made by the defendant in the office of the Oskaloosa Police Department in the presence of Dick Cline shortly after the arrest of the defendant and the observation made by said Cline as to the defendant and Shirley Haskell as well as what personal property was found by said Cline in the vehicle * *."

It is apparent the trial court did not limit the testimony of either of these witnesses, but merely required certain specific information be made available to defendant before trial. We reaffirm what we said in State v. White, supra, but find it has no application here. In the matters covered by the order we find no material variation between the bill of particulars and the testimony. There was nothing from which defendant could claim either prejudice or surprise.

 V. Defendant's counsel asks us to allow attorney fees in addition to those fixed by the trial court. Under our holding in State v. Schmidt, 259 Iowa 972, 982, 145 N.W.2d 631, 637, we must decline to do so as the order setting fees is not properly before us on an appeal from defendant's conviction.

We find no reversible error in the matters raised by defendant and the judgment is accordingly affirmed.

Affirmed.

All Justices concur except RAWLINGS and BECKER, JJ., who dissent.