**STATE of Iowa, Appellee,**

**v.**

**Jerry Wayne KOBROCK, Appellant.**

**No. 55785.**

Supreme Court of Iowa.

Dec. 19, 1973.

Frank M. Krohn, Newton, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., Dennis Chalupa, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

MASON, Justice.

Jerry Wayne Kobrock appeals from judgment sentencing him to the state penitentiary at Fort Madison for a period of two years following his conviction on a plea of guilty to the crime of escape contrary to section 745.1, The Code, 1971, as charged in the county attorney's information.

Defendant had previously been sentenced in Polk District court for possession of illegal drugs. The undisputed facts of this case show defendant was first assigned to the Men's Reformatory at Anamosa and later assigned to the Riverview Release Center and approved for a work release program. Defendant was given a furlough by Paul A. Miller, superintendent of Riverview, to travel to Des Moines for a job interview. The furlough allowed defendant to be absent from Riverview from 11:00 a. m. Tuesday, June 13, 1972, until 10:00 a. m. Wednesday, June 14. On June 13 defendant rode to Des Moines in a vehicle provided by Riverview but he did not meet his return ride after the interview. A thorough search of Riverview on Thursday, June 15, for defendant was unsuccessful. June 16 defendant turned himself in to the Des Moines Half Way House. Defendant had been released on the furlough by himself and was not accompanied by any officials of Riverview or any other state officials or personnel.

Minutes of testimony attached to the information set out the facts essentially as above. Defendant was appointed counsel and also entered a plea of not guilty. Shortly after his appointment, defense counsel filed a motion to dismiss alleging defendant's failure to return from an authorized pass or furlough did not constitute escape. This motion was overruled after argument in open court. Defendant thereafter changed his plea to guilty and requested immediate sentencing. The court entered judgment against defendant from which this appeal is taken.

Defendant assigns one error for reversal contending the court erred in overruling his motion to dismiss and accepting his guilty plea.

I. Defendant contends since he was not in custody he could not be guilty of escape. He maintains the trial court should not have accepted his plea when the minutes of testimony clearly established he was authorized to be absent from the Riverview Release Center to travel to Des Moines for a job interview on the work release program and was not accompanied by a guard or under immediate supervision while in Des Moines.

Defendant's motion to dismiss, mentioned earlier, raised substantially the same defense that he now asserts in this appeal.

When a defendant voluntarily and intelligently enters a plea of guilty with

actual knowledge of the existence of his constitutional rights, full understanding of their meaning and clear comprehension of direct consequences of their waiver, he acknowledges guilt thereby supplying both evidence and verdict ending the controversy.

■■ By such a plea all questions as to the admissibility of any evidence the state might have offered against the accused are eliminated and the prosecution is relieved from its burden of proving any facts. It not only waives several constitutional rights, including the accused's privilege against compulsory self-incrimination, the right to trial by jury and the right to confront one's accusers, but also waives all defenses except that the indictment or information charges no offense, and, of course, the right to challenge the plea itself.

■ Such plea when accepted by the court constitutes a conviction of the highest order. Its effect is to authorize imposition of sentence prescribed by law on a verdict of guilty of the crime charged. Thus, any sentence imposed is based solely and entirely upon the guilty plea and not upon any evidence that the prosecution might have introduced at trial. See State v. Kulish, 260 Iowa 138, 143, 148 N.W.2d 428, 432; State v. Delano, 161 N.W.2d 66, 72–73 (Iowa 1968); Young v. Brewer, 190 N.W.2d 434, 437 (Iowa 1971); State v. McGee, 211 N.W.2d 267, 268 (Iowa, filed October 17, 1973) and authorities cited in these opinions as supporting one or more of the foregoing principles.

■ An attack based on the contention an indictment or information does not charge an offense must be determined by the face of such complaint or charge. Minutes of testimony attached thereto are not part of an indictment or information and need not be considered in determining the sufficiency of such indictment or information. State v. Finnegan, 244 Iowa 166, 172, 55 N.W.2d 223, 226; State v. Sal-

ter, 162 N.W.2d 427, 431 (Iowa 1968); State v. Batchelor, 180 N.W.2d 457, 458–459 (Iowa 1970) and authorities cited in these opinions.

Examination of the record discloses that the present information on its face charged defendant with escape contrary to section 745.1. It cannot be successfully argued it charges no offense.

■ Any claimed insufficiency of the minutes of testimony attached to the information raises the question of the sufficiency of the evidence not the sufficiency of the information. State v. Youngblut, 257 Iowa 343, 345, 132 N.W.2d 486, 487.

■ Defendant makes no issue of the proposition his plea was knowingly and voluntarily entered as an intelligent act done with sufficient awareness of relevant circumstances and direct consequences.

Defendant by his plea of guilty has waived any challenge he might have had to the information and minutes of testimony.

The case is therefore—affirmed.