# IN THE COURT OF APPEALS OF IOWA

No. 17-0614
Filed June 6, 2018

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DAN JOSEPH KUDRON,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.


　　　　Dan Kudron appeals his judgment and sentence for conspiracy to deliver a controlled substance and failure to possess a tax stamp. **JUDGMENT AFFIRMED; SENTENCE AFFIRMED IN PART AND VACATED IN PART AND REMANDED FOR RESENTENCING.**


　　　　Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.


　　　　Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

Dan Kudron entered an *Alford* plea[1] to conspiracy to deliver a controlled substance and failure to possess a tax stamp. *See* Iowa Code §§ 124.401(1)(c)(6), 453B.3, 453B.12 (2016). The district court adjudged Kudron guilty and imposed sentence. The sentence included a D.A.R.E. surcharge for "each applicable offense."

*I.* Kudron contends the court was not authorized to impose the surcharge on the drug tax stamp violation. The State agrees "the defendant's drug tax stamp conviction is not a qualifying offense for the district court to impose the [D.A.R.E surcharge]" but argues Kudron failed to show he received the surcharge "for his drug tax stamp conviction."

Iowa Code section 911.2 authorizes imposition of the D.A.R.E. surcharge for offenses "provided in chapter 321J or chapter 124." The conspiracy conviction fell under chapter 124, but the drug tax stamp conviction fell under chapter 453B.3. The assertion that the D.A.R.E. surcharge is unauthorized for a drug tax stamp violation is well taken. *See* Iowa R. Crim. P. 2.24(5)(a) ("The court may correct an illegal sentence at any time.").

Although the district court applied the surcharge to "each applicable charge," which might indicate the surcharge was not applied to the drug tax stamp conviction, the prosecutor stated the surcharge would apply to that conviction. Assuming without deciding the surcharge was applied to both offenses, we affirm

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

the imposition of the D.A.R.E. surcharge on the conspiracy count but vacate the surcharge on the tax stamp count and remand for resentencing.

**II.** In a pro se brief, Kudron argues (A) the State "never provided any substantive evidence that conceivably proved that [he] ever even committed a crime in the first place," and "Counsel failed to perform [an] essential duty" in failing to file a motion to dismiss based on "the absolute and utter lack of any evidence against" him; (B) the court "refused to hold a hearing [on his motion to withdraw counsel], therefore forcing [him] into a false *Alford* plea"; (C) he informed the court he had a claim in the Iowa Supreme Court that would have directly affected his district court case, yet the court still took the plea in violation of his Sixth Amendment rights; (D) he "was severely and brutally assaulted by a federal hold-over and had threats to his safety and life," which the State exploited to coerce a plea; (E) "the State failed to maintain dominion over the evidence of this case," and in particular, "carelessly handled" a firearm; and (F) counsel "[d]id not clearly nor accurately inform [him] of weakness of [the State's] case."

**A.** "It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). This principle is subject to a significant asterisk. Recently, the Iowa Supreme Court held, "[C]onvicted defendants can attack their pleas when claiming actual innocence even if the attack is extrinsic to the pleas." *Schmidt v. State*, 909 N.W.2d 778, 789 (Iowa 2018). The court later reiterated, "[F]reestanding claims of actual innocence permitted by the Iowa Constitution are available to applicants even though they pled guilty." *Id.* at 795. The court "overrule[d] our cases that do not allow defendants to attack their pleas based on

extrinsic grounds when they claim actual innocence." *Id.* at 790. Although the vehicle for raising the claim in *Schmidt* was a postconviction relief action, the court stated this was not the only vehicle available to a defendant. *Id.* at 798 ("We emphasize sections 822(1)(a) and (d) are not the exclusive vehicles to bring freestanding actual-innocence claims because applicants may file such claims independently of chapter 822."). The court did not "decide or specify other vehicles applicants may use to bring their freestanding actual-innocence claims as independent actions." *Id.*

Kudron's first claim—asserting an absence of evidence he committed the crime—could be construed as a freestanding claim of actual innocence. If it is that, *Schmidt* affords Kudron the opportunity to raise the claim in a separate action.[2] At this stage, we simply have a bare allegation unsupported by evidence or affidavits. Without more, and assuming without deciding a defendant may utilize the vehicle of a direct appeal from a guilty plea to raise a claim of actual innocence, we decline to address the claim on the merits.

Kudron's assertion that counsel should have filed a motion to dismiss essentially raises the same claim under an ineffective-assistance-of-counsel rubric. The record is inadequate to address this claim. Accordingly, we preserve this claim for postconviction relief.

---

[2] In *People v. Hamilton*, 979 N.Y.S.2d 97, 105 (N.Y. App. Div. 2014), the court stated the federal actual innocence standard "sounds somewhat similar to the definition of legally insufficient evidence. . . . However, the law is well settled that 'actual innocence' means factual innocence, not mere legal insufficiency of evidence of guilt . . . and must be based upon reliable evidence which was not presented at trial."

**B.** Kudron failed to raise his challenge to the denial of substitute counsel in his motion in arrest of judgment. Accordingly, the State argues the issue was not preserved for our review. We will assume without deciding that Kudron's request for substitute counsel was a matter intrinsic to the plea and we will address the merits.

"A defendant must show sufficient cause to justify the appointment of substitute counsel. Sufficient cause includes '"a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant."'" *State v. Martin*, 608 N.W.2d 445, 449 (Iowa 2000) (citations omitted). "The court has considerable discretion whether to grant substitute counsel, and eleventh-hour requests for substitute counsel are generally disfavored." *State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007).

Kudron asserts the district court failed to hold a hearing on his motion to withdraw counsel. To the contrary, the court scheduled and held a hearing. Although we do not have a transcript, the ruling on Kudron's motion states he "argued the motions pro se." The court ruled, "Although [Kudron] has expressed frustration and dissatisfaction with his attorneys, he has not shown his attorneys are unable to provide ethical, effective representation." The court denied the motion on this ground and on the basis that his motion was filed just a week before trial. Because a hearing was held and Kudron's motion for substitute counsel was considered and decided, we find Kudron's assertion unpersuasive.

Kudron also may be arguing the district court abused its discretion in denying the motion for substitute counsel. In assessing this issue, we consider the post-ruling record made by the trial court. On the first day of a scheduled jury trial,

Kudron revisited his motion. Notwithstanding the prior denial, the district court afforded Kudron the opportunity to explain why he believed he had an irreconcilable conflict with his attorney. Kudron stated that he did not have access to a chapter of the Iowa Code and had wanted his attorney to file "a motion to produce, motion to dismiss, [request for] discovery, [and] [a request for [a] bond reduction hearing." Counsel responded that he did not file a motion to produce because, depending on what was produced, Kudron might "be in a worse case than he would otherwise be." Nonetheless, counsel had the chance to review what was produced in a co-defendant's case and one of Kudron's attorneys sat in on depositions conducted by co-defendant's counsel. Counsel also explained there was no actual conflict of interest; Kudron was simply "not happy with . . . the way his case has gone." The trial court denied the renewed motion for substitute counsel.

We discern no abuse of discretion in the pretrial and trial rulings. As noted, the motion for substitute counsel was filed and renewed on the eve of trial. Counsel explained why he did not pursue certain motions requested by Kudron.[3] And, Kudron agreed with his attorney's initial rendition of the plea agreement and agreed with the district court that the plea inured to his benefit. Later, when the plea was taken, he acknowledged his attorney discussed the consequences of entering an *Alford* plea and adequately explained the terms. Although he expressed indifference when asked if he was satisfied with counsel's services,

---

[3] Bond was set at $100,000. Counsel did not address Kudron's concern with his failure to request a bond reduction hearing, but neither did Kudron enlighten the court on his precise argument with respect to this claimed omission.

indifference does not equate with an irreconcilable conflict or complete breakdown of communication. We affirm the district court's rulings on the motions for substitute counsel.

*C.* Kudron asserts he notified the district court of a pending matter in the Iowa Supreme Court, yet the court proceeded to take his plea in violation of his Sixth Amendment rights. The pending matter was his application for writ of certiorari challenging the district court's pretrial denial of his motion to dismiss. As noted, the trial court revisited the substitute counsel portion of the motion on the first day of trial and again denied it. The court further concluded no postponement was necessary to await the Iowa Supreme Court's ruling. Kudron was not prejudiced by the trial court's refusal to postpone trial because the Iowa Supreme Court ultimately denied the petition for writ of certiorari.

*D.* Kudron argues threats to his safety rendered his plea involuntary. However, at the plea proceeding, he agreed he was entering the *Alford* plea voluntarily and of his own free will. And, when asked if "any threats or promises" were made, he responded, "No." Kudron's own words belie his present assertion. *See State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998) (citing defendant's acknowledgment that no one made any threats to him to force him to plead guilty).

*E.* Kudron next takes issue with the State's handling of evidence. As the State asserts, "[A]ll questions as to the admissibility of any evidence the state might have offered against the accused are eliminated" by the plea. *State v. Kobrock*, 213 N.W.2d 481, 483 (Iowa 1973).

***F.*** Finally, Kudron argues his attorney "[d]id not clearly nor accurately inform [him] of weakness of [the State's] case." We find the record inadequate to address this issue and we preserve the claim for postconviction relief.

***III.*** We affirm Kudron's judgment without prejudice to his right to make a freestanding claim of actual innocence. We preserve for postconviction relief his ineffective-assistance-of-counsel claims alleging failures to move for dismissal and to accurately inform him of weaknesses in the State's case.

**JUDGMENT AFFIRMED; SENTENCE AFFIRMED IN PART AND VACATED IN PART AND REMANDED FOR RESENTENCING.**